OPINION
{¶ 1} Defendant-Appellant, Nathan Moeller, appeals a judgment of the Auglaize County Court of Common Pleas, imposing a prison sentence on him for violating the terms of his community control sanctions. On appeal, Moeller asserts that the trial court erred in sentencing him to the maximum sentence and that the trial court erred in ordering that his sentence be served consecutively to a subsequent Shelby County conviction and sentence. Finding that the trial court made all requisite findings on the record and that the record sufficiently supports those findings to sentence to the maximum term, we affirm that portion of the trial court's judgment. However, finding that the trial court failed to make the requisite findings as to disproportionality necessary to order Moeller's sentence to run consecutive to a subsequent sentence in Shelby County, we reverse that portion of the trial court's judgment and remand the matter for further proceedings consistent with this opinion.
 {¶ 2} In March of 2002, Moeller was indicted on one count of possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(a), a felony of the fifth degree. Subsequently, Moeller was indicted in a separate indictment on one count of burglary in violation of R.C. 2911.12(A)(4), a felony of the fourth degree, and one count of theft in violation of R.C.2913.02(A)(1), a felony of the fifth degree.
 {¶ 3} In June of 2002, Moeller appeared before the trial court and entered into a plea negotiation to resolve both cases. At that time, Moeller plead guilty to the possession of cocaine charge and the burglary charge; the theft charge was dismissed. Sentencing was set for a later date and was to be conducted separately for each case.[1]
 {¶ 4} Subsequently, Moeller appeared for sentencing on the possession charge. At the sentencing hearing, the trial court found that Moeller was amenable to community control sanctions and sentenced him to five years of community control sanctions. Additionally, the trial court ordered Moeller to be supervised by the Ohio Adult Parole Authority and imposed the following conditions: that Moeller not consume or use alcohol or drugs; that Moeller not visit or be present on any premises where alcohol is served; that Moeller be subject to random drug testing; that Moeller submit to searches by his probation officer or law enforcement; and, that Moeller pay a fine of two hundred, fifty dollars. Finally, the trial court's judgment entry stated the following:
The Defendant is hereby NOTIFIED that if the conditions of CommunityControl Sanctions are violated, the Court may impose a longer time underthe same sanctions or more restrictive community control sanctions, ormay impose a prison term of TWELVE (12) MONTHS and this sentence shallrun CONSECUTIVE to any sentence imposed in Case No: 2002-CR-13, plus POSTRELEASE CONTROL TIME.
 {¶ 5} In May of 2003, an affidavit in support of community control sanction violations was filed against Moeller, alleging that he violated the terms and conditions of his supervision. Subsequently, Moeller admitted to the alleged community control sanction violations. The trial court continued Moeller on community control, reimposing the above as well as additional conditions. Finally, the trial court again notified Moeller that he was subject to a prison term of twelve months if he were to violate the conditions of his community control.
 {¶ 6} In April of 2004, a second affidavit in support of community control sanction violations was filed, alleging new violations to the terms of Moeller's community control sanctions. Subsequently, in May of 2004, a hearing was held where Moeller admitted that in June of 2003, he did take property without the owner's permission in or around Shelby County, that he did leave the State of Ohio without the permission of his supervising officer and that he did fail to appear for an office visit as instructed by his supervising officer. All of Moeller's admissions were violations of the standard conditions of supervision. Moeller had apparently been previously been indicted, convicted and sentenced to prison in Shelby County for the above June 2003 incidents.[2]
 {¶ 7} At that May 2004 community control violation hearing, the trial court revoked Moeller's community control and sentenced him upon the 2002 possession conviction. The trial court sentenced Moeller to a term of twelve months in prison, which was to run consecutively to the sentence imposed in Shelby County.
 {¶ 8} It is from this judgment Moeller appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TO PROPERLYFOLLOW THE SENTENCING CRITERIA SET FORTH IN OHIO REVISED CODE, SECTION2929.14 RESULTING IN THE DEFENDANT-APPELLANT RECEIVING A SENTENCE WHICHIS CONTRARY TO LAW.
 Assignment of Error No. II THE TRIAL COURT'S ORDERING THAT THE SENTENCES OF DEFENDANT-APPELLANTARE TO BE SERVED CONSEUTIVELY TO EACH OTHER WAS UNSUPPORTED BY THE RECORDAND WAS CONTRARY TO LAW.
 {¶ 9} Because both assignments of error address the statutory felony sentencing guidelines, we will use the following standard of review for both.
 Standard of Review {¶ 10} The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12,2929.13, and 2929.14, determine a particular sentence. State v. Martin
(1999), 136 Ohio App.3d 355, 362. Compliance with those sentencing statutes is required. Id. Accordingly, the trial court must set forth the statutorily mandated findings and, when necessary, articulate on the record the particular reasons for making those findings. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, para. one and two of the syllabus.
 {¶ 11} An appellate court may modify a trial court's sentence only if it clearly and convincingly finds either (1) that the record does not support the sentencing court's findings or (2) that the sentence is contrary to the law. R.C. 2953.08(G)(2); see, also, Martin,136 Ohio App.3d at 361. Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Statev. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford
(1954), 161 Ohio St. 469, 477. It requires more evidence than does a finding by a preponderance of the evidence, but it does not rise to the level of a finding beyond a reasonable doubt. Id. An appellate court should not, however, simply substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims." State v. Jones (2001), 93 Ohio St.3d 391, 400.
 Assignment of Error No. I {¶ 12} In the first assignment of error, Moeller contends that the trial court erred in sentencing him to the maximum sentence, because the record fails to support such a finding.
 {¶ 13} When a trial court imposes a prison term in a felony case it must impose the shortest term mandated unless, "[t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from futurecrime by the offender." R.C. 2929.14(B)(2) (emphasis added.) A court is allowed to impose the maximum prison term authorized only if they make one of several findings, one of which is the finding that the offender poses the greatest likelihood of committing future crimes. R.C. 2929.14(C). In determining whether an offender is likely to reoffend, the trial court must consider the non-exclusive list of factors contained in R.C.2929.12(D) and (E). R.C. 2929.12(A).
 {¶ 14} While evaluating the more likely to recidivate factors in R.C.2929.12(D), the trial court herein found on the record that Moeller had previously served a prison term, has recently been subject to community control sanctions and committed subsequent offenses while under community control sanctions. Additionally, the trial court took note of Moeller's extensive history of criminal convictions, including his extensive juvenile criminal record. After considering all of these factors, the trial court concluded that that the minimum sentence would demean the seriousness of the offense and that Moeller posed the greatest likelihood of reoffending. Accordingly, the trial court sentenced Moeller to the maximum allowable term for a fifth degree felony, twelve months. R.C.2929.12(A)(5).
 {¶ 15} Upon review of the entire record, we cannot say that the trial court erred in making such findings. The record clearly supports the trial court's findings that Moeller had previously served a prison sentence, as well as his violations of community control sanctions. Furthermore, Moeller has failed to show this court clear and convincing evidence otherwise. Accordingly, Moeller's first assignment of error is overruled.
 Assignment of Error No. II {¶ 16} In the second assignment of error, Moeller asserts that the trial court does not justify its findings for consecutive sentences.
 {¶ 17} Upon review of the record, we find that the trial court failed to make on the record all of the requisite findings required by R.C.2929.14(E)(4), when imposing consecutive sentences. In the case sub judice, the trial court did make specific findings on the necessity to protect the public from future crime as well as the danger that Moeller posed to the public. R.C. 2929.14(E)(4). However, the trial court failed to make a specific finding on disproportionality. R.C. 2929.14(E)(4).
 {¶ 18} Furthermore, we note that in the absence of a stipulation by trial counsel as to the exact nature of the Shelby County sentence, including a case number to reference the exact pending sentence, we would require that the Shelby County Judgment Entry of sentence be admitted into the record for sentencing purposes.
 {¶ 19} Thus, having found that the trial court failed to make the necessary disproportionality finding, we find that the second assignment of error is sustained.
 {¶ 20} Having found no error prejudicial to appellant in the first assignment of error, but having found error prejudicial to appellant in the second assignment of error, we affirm in part, reverse in part, and remand the matter for further proceedings consistent with this opinion.
Judgment Affirmed in Part and Reversed in Part and Cause Remanded.
 SHAW and CUPP, J.J., concur.
[1] Other than the original indictment and the plea agreement, which included the burglary charge, the record we have been provided only includes information on trial court case number 2002 CR 0041, the possession charge. Accordingly, following Moeller's plea agreement, we have no record of the sentence he received and/or served on trial court case number 2002 CR 0013, the burglary offense.
[2] Because we do not have the record or transcripts from Moeller's Shelby County case, we have not been provided with the exact nature of the charges or sentence. All information referred to in this opinion comes from Moeller's testimony during the May 2004 community control violations hearing.