JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Leah Kravochuck, appeals the sentence handed down by the common pleas court. Upon a review of the record and arguments of the parties, we affirm the sentence of the trial court for the reasons set forth below.
 {¶ 2} On February 14, 2004, appellant struck and killed James Ivinskas with her car in the driveway of a home on Cleveland's west side. Appellant was under the influence of alcohol at the time of the accident, and she further complicated the matter when she initially lied to emergency workers and police about how Ivinskas had been injured. She was indicted on March 3, 2004 on an eightcount indictment: two counts of murder, two counts of felonious assault, two counts of aggravated vehicular homicide, one count of driving under the influence, and one count of bribery.
 {¶ 3} On July 26, 2004, appellant pleaded guilty to count five, aggravated vehicular homicide; count seven, driving under the influence; and count eight, bribery. She received the maximum sentence of eight years for count five, three years for count eight and six months for count seven; the sentences for counts five and eight were to run consecutively while count seven could be served concurrently.
 {¶ 4} Appellant now appeals her sentence with three assignments of error.
 {¶ 5} "I. The trial court erred in sentencing appellant to more than the minimum prison sentence.
 {¶ 6} "II. The trial court erred in imposing consecutive sentences contrary to the provisions of R.C. 2929.14(C).
 {¶ 7} "III. The trial court erred when it imposed a maximum sentence without making appropriate findings."
 Blakely Claim {¶ 8} The appellant first claims that the trial court erred by imposing more than the minimum sentence based on factual determinations that were neither made by the jury nor admitted by the appellant, in contravention of the U.S. Supreme Court's decision in Blakely v.Washington (2004), ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403.
 {¶ 9} Blakely involved the constitutionality of a prison sentence that was imposed under the state of Washington's sentencing scheme. The United States Supreme Court reversed the trial court's imposition of sentence above the standard statutory range, holding that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, supra at 2536, quotingApprendi v. New Jersey (2000), 530 U.S. 466, 490, 120 S.Ct. 2348,147 L.Ed. 2d 435. The Court further held that the "statutory maximum" for purposes of Blakely and Apprendi is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. Blakely, supra at 2537.
 {¶ 10} The United States Supreme Court subsequently reaffirmed the holding in Apprendi, invalidating and severing section 3553(b)(1) from the United States Code, which makes it mandatory for federal district courts to follow the Federal Sentencing Guidelines. United States v.Booker (2005), 543 U.S. ___. The Court held that this section was incompatible with the United States Supreme Court's constitutional holding that the Sixth Amendment requires juries, not judges, to make findings of fact relevant to sentencing. If a state makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact — no matter how the state labels it — must be found by a jury beyond a reasonable doubt. Ring v. Arizona (2002), 536 U.S. 584,122 S.Ct. 2428, 153 L.Ed. 2d 556. The result of the Supreme Court's decision rendered the Federal Guidelines merely advisory. A sentencing court still must consider the Guideline ranges, 18 U.S.C.S. § 3553(a)(4), but it permits the court to tailor the sentence in light of other statutory concerns as well.
 {¶ 11} However, if the Federal Guidelines as currently written could be read as merely advisory provisions that recommend, rather than require, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. Id. The U.S. Supreme Court further stated that they have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. Id., citing Apprendi, supra; Williams v. NewYork (1949), 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337. Moreover, the U.S. Supreme Court noted that all parties in Booker agreed that the Sixth Amendment issues presented in Apprendi and Blakely would have been entirely avoided if the provisions were omitted that make the Guidelines mandatory and binding on all district judges. When a trial judge exercises his/her discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant. Id.
 {¶ 12} Unlike the Federal Guidelines, Ohio's sentencing structure does not require judges to impose mandatory sentences when certain facts are present. A federal judge was required to impose a certain prison sentence when a defendant committed a certain crime; Ohio does not use such a "grid" system. The Ohio trial judge has broad discretion on whether to impose a prison term, sentence the defendant to a fine and/or community control sanctions, or to run a defendant's sentences concurrently or consecutively with sentences for other crimes the defendant may have committed. Ohio also allows the trial judge to grant an offender judicial release from prison after the eligible offender has served a set amount of prison time and/or his mandatory prison sentence. R.C. 2929.20. The "findings" required under R.C. 2929.14, which are actually considerations, may be mandatory under Ohio law; however, unlike the statutes in question in Booker and Blakely, the imposition of a definite prison sentence is not.
 {¶ 13} As in the recent case of State v. Lett (May 31, 2005), Cuyahoga App. Nos. 84707 and 84729, we decline to accept the proposition forwarded by the appellant that Blakely, when applied to Ohio's sentencing structure, requires that a jury make additional factual determinations in order for the trial court to impose a maximum sentence on an offender. InLett, we held that R.C. 2929.14(C) and (E), which govern the imposition of maximum and consecutive sentences, do not implicate the Sixth Amendment as construed in Blakely. We further held that R.C. 2929.14(B), which governs the imposition of minimum sentences, does not implicate the Sixth Amendment. State v. Atkins-Boozer (May 31, 2005), Cuyahoga App. No. 84151. Therefore, appellant's first assignment of error is overruled.
 Maximum and Consecutive Sentences {¶ 14} Having determined that Blakely and its progeny do not apply to Ohio's sentencing structure, we turn to the trial court's sentencing findings in this case. Appellant argues that the trial court failed to make the appropriate findings to sentence her to maximum and consecutive terms of incarceration. Abuse of discretion is not the standard of review with respect to sentencing; instead, an appellate court must find error by clear and convincing evidence. R.C. 2953.08(G)(2) provides that an appellate court may not increase, reduce, or otherwise modify a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is more than a mere preponderance of the evidence; it is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Garcia (1998), 126 Ohio App.3d 485, citingCincinnati Bar Assoc. v. Massengale (1991), 58 Ohio St.3d 121, 122. When reviewing the propriety of the sentence imposed, an appellate court shall examine the record, including the oral or written statements at the sentencing hearing and the presentence investigation report. R.C.2953.08(F)(1)-(4).
 {¶ 15} The imposition of consecutive sentences is governed by R.C. 2929.14(E), which provides:
 {¶ 16} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 17} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 18} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 19} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 20} R.C. 2929.19(B) requires the trial court to explain its reasons for imposing consecutive sentences and provides in pertinent part:
 {¶ 21} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 22} "* * *
 {¶ 23} "(c) If it imposes consecutive sentences under section 2929.14
of the Revised Code, its reasons for imposing the consecutive sentences; * * *"
 {¶ 24} When a judge imposes consecutive terms of incarceration, but fails to comply with R.C. 2929.14(E)(4), there is reversible error. Statev. Beck (Mar. 30, 2000), Cuyahoga App. No. 75193, citing State v. Albert
(1997), 124 Ohio App.3d 225. Thus, the court must make the three findings, as outlined above, and state on the record its reasons for doing so before a defendant can be properly sentenced to consecutive terms. See State v. Johnson, Cuyahoga App. Nos. 81040, 81041, 81042, 2003-Ohio-288.
 {¶ 25} Further, under R.C. 2929.14 (B), the court shall impose the shortest prison term authorized unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender. State v. Edmonson (1999), 86 Ohio St.3d 324,325; followed by State v. Comer (2003), 99 Ohio St.3d 463. These findings must be made in open court and on the record, not just incorporated into the journal entry. State v. Comer (2003), 99 Ohio St.3d 463. A court may only impose the maximum sentence on those offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders, and upon certain repeat violent offenders. R.C. 2929.14(C).
 {¶ 26} In the instant case, appellant was sentenced on two felony charges: aggravated vehicular homicide, a felony of the second degree, and bribery, a third degree felony, as well as on various misdemeanor charges, as discussed above. She received eight years and three years, respectively, to be served consecutive to each other. The trial court took great pains to review, on the record, the facts of the case and then made the following findings:
 {¶ 27} "Now, this Court believes this is the worst form of the offense and that the offender, because of her continued use of drugs and alcohol, would be likely to commit a future offense * * *. Therefore, this Court believes that the defendant poses a greater likelihood of committing future crimes * * * [W]ith respect to Count 1, it is not disproportionate to any sentences that have been, to the best of my knowledge, imposed by this court. Secondly the Defendant's criminal history shows consecutive terms are needed to protect the public and punish the offender, and that the harm that she caused is so great that a single term does not adequately reflect the seriousness of the conduct. Again, this Court believes this sentence is not disproportionate to any other sentence carried out by this Court."
 {¶ 28} The Senate Bill 2 sentencing guidelines do not "require talismanic words from the sentencing court" when a court imposes a sentence, but it must be clear from the record that the trial court engaged in the appropriate analysis. State v. Murrin, Cuyahoga App. No. 83714, 2004-Ohio-3962, ¶ 12, citing State v. Fincher (Oct. 14, 1997), Franklin App. No. 97APA03-352, appeal dismissed (1998), 81 Ohio St.3d 1443,690 N.E.2d 15; see, also, State v. Johnson (Sept. 7, 2000), Cuyahoga App. No. 76865 at 7; State v. Stribling (Dec. 10, 1998), Cuyahoga App. No. 74715.
 {¶ 29} We are convinced that the court in this case undertook the appropriate analysis for both the maximum sentence and the consecutive sentences. The trial judge reviewed the appellant's criminal history and the nature of the current offense and found that it was the worst form of the offense, that the appellant had a high likelihood of reoffending and that consecutive terms of incarceration were necessary to punish her. Finally, the court clearly stated its reasons for making these findings at the sentencing hearing. Therefore, appellant's second and third assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., Concurs; Sweeney, J., Concurs in judgment only.