OPINION
{¶ 1} Defendant-Appellant, Oliver King, appeals from a judgment of the Defiance County Court of Common Pleas, imposing non-minimum, maximum, and consecutive sentences of incarceration. King contends that his sentences are contrary to law because the record does not support the trial court's findings. He also maintains that his sentences violated his right to have the jury determine facts essential to the punishment as established inBlakely v. Washington (2004), 124 S.Ct. 2531. After reviewing the entire record, we find that the trial court made the required findings on the record at the sentencing hearing and that the evidence in the record supports these findings. Furthermore, as well established by the prior precedent of this Court, Blakely does not apply to Ohio's sentencing scheme. Accordingly, all four of King's assignments of error are overruled, and the judgment of the trial court is affirmed.
 {¶ 2} On April 19, 2004, Oliver King was in possession of a .357 Colt Magnum revolver that he had previously stolen from his girlfriend's house. Throughout the day, King was loading and unloading the gun and pointing it at people. King would hold the hammer of the gun with his thumb and pull the trigger while pointing it at people so that they could hear the trigger click without the gun going off.
 {¶ 3} At approximately 10:30 p.m. that night, the victim, Eric Bland, was in King's house with King and several other people. Despite consuming marijuana and alcohol, King continued to play with the gun and point it at people. Eventually, King pointed the gun at Bland, the gun went off, and a bullet struck Bland in the neck. King then fled the house and threw the gun into a river. As he was returning home, he was picked up by police officers responding to a report that shots had been fired. Bland was pronounced dead at the scene.
 {¶ 4} As a result of these actions, King was indicted on the following counts: Count One, Murder in violation of R.C. 29903.02(A) with a firearm specification pursuant to R.C. 2941.145; Count Two, Reckless Homicide in violation of R.C. 2903.41, a felony of the third degree, with a firearm specification pursuant to 2941.145; Count Three, Tampering with Evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree; Count Four, Receiving Stolen Property in violation of R.C. 2913.51, a felony of the fourth degree; Count Five, Receiving Stolen Property in violation of R.C. 2913.51, a felony of the fourth degree; Count Six, Having Weapons While Under Disability in violation of R.C. 2923.13(A)(2)-(3), (B), a felony of the third degree; Count Seven, Breaking and Entering in violation of R.C. 2911.13(A), a felony of the fifth degree; Count Eight, Safecracking in violation of R.C. 2911.31, a felony of the fourth degree; and Count Nine, Theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree.
 {¶ 5} Ultimately, the State dismissed the murder, safecracking, and theft counts and one of the receiving stolen property counts. King pled guilty to the remaining counts, and the trial court accepted the guilty plea. The trial court then ordered a pre-sentence investigation and scheduled the sentencing hearing.
 {¶ 6} At the sentencing hearing, the trial court heard from numerous friends and family of both Bland and King. The trial court also considered the pre-sentence investigation report, specifically focusing on King's lengthy juvenile record. After considering all of the evidence in the record, the trial court found that King had committed the worst from of reckless homicide and that he was likely to commit crimes in the future. Accordingly, the trial court imposed the maximum penalty for the reckless homicide conviction, which is five years for a third degree felony under R.C. 2929.14(A)(3). The trial court also imposed the maximum prison term for the breaking and entering conviction, which is one year under R.C. 2929.14(A)(5). With regard to the other convictions, the trial court imposed non-minimum sentences of three years on the tampering with evidence conviction, one year on receiving stolen property conviction, and three years on the having weapons while under disability conviction. On the gun specification connected to the reckless homicide conviction, the trial court sentenced King to the mandatory three years pursuant to R.C. 2941.145.
 {¶ 7} In addition, the trial court also found that consecutive sentences would not be disproportionate to the seriousness of King's conduct or to the danger that he poses to the public. As such, all of King's sentences were ordered to run consecutive to one another, except for the breaking and entering conviction, which was ordered to run concurrent to the other sentences. The total length of the sentence ordered by the trial court was fifteen years. From this sentence King appeals, presenting the following assignments of error for our review.
 Assignment of Error I The court erred in imposing maximum and non-minimum sentences that arenot supported by the record.
 Assignment of Error II The court erred in imposing consecutive sentences that are notsupported by the record.
 Assignment of Error III The court erred in imposing maximum and non-minimum sentences based onfactors not found by a jury nor admitted by Defendant.
 Assignment of Error IV The court erred in imposing maximum, non-minimum, and consecutivesentences based on Defendant's prior juvenile record.
 {¶ 8} All four assignments of error address the trial court's judgment with regard to sentencing. Therefore, the following standard of review will be used throughout this opinion.
 Standard of Review {¶ 9} The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12,2929.13, and 2929.14, determine a particular sentence. State v. Martin,136 Ohio App.3d 355, 362, 1999-Ohio-814. Compliance with those sentencing statutes is required. Id. Accordingly, the trial court must set forth the statutorily mandated findings and, when necessary, articulate on the record the particular reasons for making those findings. R.C. 2929.19(B)(2); State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at paragraph one and two of the syllabus.
 {¶ 10} An appellate court may modify a trial court's sentence only if it clearly and convincingly finds either (1) that the record does not support the sentencing court's findings or (2) that the sentence is contrary to the law. R.C. 2953.08(G)(2); see, also, Martin,136 Ohio App.3d at 361. Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Statev. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford
(1954), 161 Ohio St. 469, 477. It requires more evidence than does a finding by a preponderance of the evidence, but it does not rise to the level of a finding beyond a reasonable doubt. Id. An appellate court should not, however, simply substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims." State v. Jones, 93 Ohio St.3d 391, 400, 2001-Ohio-1341.
 Assignment of Error I {¶ 11} In his first assignment of error, King challenges the decision of the trial court to impose maximum sentences on his reckless homicide and breaking and entering convictions. He also challenges the imposition of more than the minimum sentence on his tampering with evidence, receiving stolen property, and having weapons under disability convictions. He maintains that the record does not support such sentences.
 {¶ 12} The relevant portion of R.C. 2929.14(B) provides that when a trial court imposes a prison term for a felony conviction:
[T]he court shall impose the shortest prison term authorized for theoffense pursuant to division (A) of this section, unless
* * *
(2) The court finds on the record that the shortest prison term willdemean the seriousness of the offender's conduct or will not adequatelyprotect the public from future crime by the offender or others.
(Emphasis added).
 {¶ 13} Similarly, R.C. 2929.14(C) states that:
Except as provided in division (G) of this section or in Chapter 2925.of the Revised Code, the court imposing a sentence upon an offender for afelony may impose the longest prison term authorized for the offensepursuant to division (A) of this section only upon offenders who committedthe worst forms of the offense, upon offenders who pose the greatestlikelihood of committing future crimes, upon certain major drug offendersunder division (D)(3) of this section, and upon certain repeat violentoffenders in accordance with division (D)(2) of this section.
(Emphasis added).
 {¶ 14} In determining whether to impose maximum or non-minimum sentences, the trial court must consider the non-exclusive list of seriousness and recidivism factors in R.C. 2929.12. R.C. 2929.12(A). The trial court has significant discretion in determining what weight, if any, it assigns to these statutory factors and any other relevant evidence. Id.; State v. Delong, 3d Dist. No. 6-04-08, 2004-Ohio-6046, at ¶ 11, citing State v. Pitts, 3d Dist. Nos. 16-02-01, 16-02-02, 2002-Ohio-2730, at ¶ 12.
 {¶ 15} It is clear from the record that the trial court considered the required statutory factors and found that King was highly likely to commit additional crimes in the future. The fact that the trial court did not use the exact language of the R.C. 2929.14 when imposing the maximum and non-minimum sentences does not necessarily render such sentences contrary to law. The trial court need not recite the precise words of the sentencing statutes in a talismanic ritual when imposing a sentence as long as it is clear from the record, as it is here, that the trial court engaged in the appropriate analysis. State v. Kravochuck, 8th Dist. No. 85261, 2005-Ohio-3161, at ¶ 28; State v. Ward, 1st Dist. No. C-040379, 2005-Ohio-3036, at ¶ 43; State v. Cockrell, 10th Dist. No. 04AP-487, 2005-Ohio-2432, at ¶ 24. The record before us reflects that the trial court found maximum and non-minimum sentences to be necessary based upon its finding that King was likely to recidivate and that such sentences were necessary to protect the public from future harm by him. Because both R.C. 2929.14(B) and (C) address recidivism, it is obvious that the trial court conducted the proper statutory analysis and this finding is sufficient to impose both maximum and non-minimum sentences.
 {¶ 16} In explaining the finding that King was likely to recidivate, the trial court relied on King's extensive juvenile record, which included receiving stolen property, four unauthorized uses of a motor vehicle, two curfew violations, five probation violations, the abuse of harmful intoxicants, burglary, aiding or abetting criminal damaging, possession of drug paraphernalia, and theft of drugs. The trial court also considered King's repeated failure to respond favorably to drug and alcohol treatment, and his failure to take responsibility for his actions. Specifically, the trial court stated:
He's a bright criminal and devotes his time and talent to committingcrimes instead of going to school. He acts with absolute disregard forthe rights and property of anyone else or even, as in this case, others'lives. He's just a sociopath. He's a danger to the community.
(November 10, 2004 Sentencing Transcript, page 37).
 {¶ 17} After reviewing the entire record, we find that the trial court considered all of the required factors, made all of the required findings, and stated its reasons for making its findings. Furthermore, the evidence in the record supports the finding that King is likely to commit future crimes. Accordingly the trial court's imposition of maximum and non-minimum sentences was proper, and King's first assignment of error is overruled.
 Assignment of Error II {¶ 18} In his second assignment of error, King contends that the trial court erred by imposing consecutive sentences. He asserts that such sentences are not supported by the record.
 {¶ 19} The relevant portion of R.C. 2929.14(E)(4) provides that:
If multiple prison terms are imposed on an offender for convictions ofmultiple offenses, the court may require the offender to serve the prisonterms consecutively if the court finds that the consecutive service isnecessary to protect the public from future crime or to punish theoffender and that consecutive sentences are not disproportionate to theseriousness of the offender's conduct and to the danger the offenderposes to the public, and if the court also finds any of the following:
* * *
(c) The offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender.
 {¶ 20} The trial court specifically found that consecutive sentences were necessary to protect the public from future crime by King and that such sentences were not disproportionate to the seriousness of King's conduct or the danger that he poses to the public. We have already found that the record supports the trial court's finding that King was likely to commit future crimes. Therefore, such a finding was proper.
 {¶ 21} Likewise, the evidence in the record supports the finding that consecutive sentences are not disproportionate. King took the life of an eighteen year old individual without either provocation or justification. King's actions throughout the day, continually pointing the gun at various people, loading and unloading the gun, dry firing the gun, and consuming marijuana and alcohol, display a series of reckless activities that eventually led to Bland's death. We can not say consecutive sentences are disproportionate to the seriousness of King's conduct or the danger that he poses to the public. Accordingly, King's second assignment of error is overruled.
 Assignment of Error III {¶ 22} In his third assignment of error, King claims that his sentences are unlawful under the United States Supreme Court's holding inBlakely v. Washington (2004), 124 S.Ct. 2531. He maintains that Blakely
requires a trial court to impose only the minimum sentence prescribed by R.C. 2929.14(A). We have previously held that the holding in Blakely does not apply to Ohio's sentencing scheme. State v. Trubee, 3d Dist. No. 9-03-65, 2005-Ohio-552, at ¶ 16-38. As such, King's third assignment of error is overruled.
 Assignment of Error IV {¶ 23} In his final assignment of error, King raises another Blakely
issue. He argues that a defendant's juvenile record does not fall within the Blakely exception that allows a trial court to increase a sentence based upon prior convictions. However, as stated above, Blakely does not apply to Ohio's sentencing scheme. Trubee at ¶ 16-38. Thus, the exceptions to Blakely are not applicable either.
 {¶ 24} Furthermore, R.C. 2929.12(A) allows trial courts to consider all relevant evidence in determining the best way to comply with the purposes and principles of felony sentencing, and R.C. 2929.12(D)(2) specifically mandates that a trial court consider whether a defendant has been previously adjudicated delinquent. This Court and numerous other courts have upheld a trial court's use of a defendant's juvenile record as justification for imposing maximum and consecutive sentences. Statev. Satterwhite, 10th Dist. Nos. 04AP-964, 04AP-965, 2005-Ohio-2823, at ¶ 26; State v. Davidson, 2nd Dist. No. 2004 CA 78, 2005-Ohio-2762, ¶ 39-48; State v. Colbert, 11th Dist. No. 2003-A-0114, 2005-Ohio-2524, at ¶ 11; State v. Moeller, 3d Dist. No. 2-04-15, 2005-Ohio-1251, at ¶ 14-15. Accordingly, King's fourth assignment of error is overruled.
 {¶ 25} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Cupp, P.J., and Shaw, J., concur.