OPINION
{¶ 1} The defendant-appellant, Richard Schlatter (hereinafter "appellant"), appeals both the judgment of the Paulding County Court of Common Pleas convicting him of three counts of receiving stolen property pursuant to R.C. 2913.51(A) and the sentence imposed by the court based upon those convictions.
 {¶ 2} On January 14, 2005, the appellant was indicted for three counts of receiving stolen property arising from three separate incidents involving all-terrain vehicles. On January 18, 2005, the appellant pled not guilty to the charges and a public defender was appointed to represent him in the matter.
 {¶ 3} On January 21, 2005, the appellant asked his counsel to provide him with a copy of the discovery. Thereafter, the appellant sent the trial court a written request for new trial counsel. The request was file stamped on March 1, 2005, by the Paulding County Clerk of Courts. As a basis for his request, the appellant cited trial counsel's failure to involve him in the discovery process, and counsel's failure to respond to the appellant's request for copies of discovery.
 {¶ 4} At a change of plea hearing on March 7, 2005, the appellant pled guilty to all three counts. A sentencing hearing was conducted on March 15, 2005. The appellant was sentenced to one year on each charge with the sentences to run consecutively. It is from this conviction and sentence that the appellant appeals and sets forth four assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court violated the Defendant's right to effective counsel bynot granting Defendant's request for new counsel after Defendantpresented evidence to the court that he did not have sufficient contactwith his counsel.
 {¶ 5} In his first assignment of error, the appellant argues that the trial court's failure to provide him with new counsel following a written request, which included reasons for the request, violated his right to effective counsel.
 {¶ 6} A guilty plea waives all appealable errors except those errors which "precluded the defendant from entering a knowing and voluntary plea." State v. Barnett (1991), 73 Ohio App.3d 244, 248,596 N.E.2d 1101, citing State v. Kelly (1991), 57 Ohio St.3d 127,566 N.E.2d 658. Whether a guilty plea has been knowingly and voluntarily made is determined by a review of the record. State v. Jackson (April 7, 1999), 3d Dist. No. 1-98-78.
 {¶ 7} During the appellant's plea hearing in the case sub judice, the court informed the appellant of the charges, the maximum penalties available, and the possibility of community control sanctions. Further, the court informed the appellant that as a result of a guilty plea he would be giving up certain rights, including: the right to a jury trial, the right to confront the witnesses against him, the right to obtain witnesses to testify on his behalf, the right to require the state to prove guilt by a reasonable doubt, and the right against self-incrimination. After informing the appellant of his rights, the trial court asked whether the plea was voluntarily given. The appellant answered "yes". Moreover, the trial court asked whether the appellant had both time and opportunity to discuss his case with his attorney, and the appellant answered affirmatively. After a review of the record, we find that the appellant voluntarily and knowingly pled guilty to three counts of receiving stolen property, thus waiving any appealable error.
 {¶ 8} Therefore, we find that the appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II An attorney's neglect in not providing discovery for the client'sreview amounts to ineffective assistance of counsel.
 {¶ 9} In his second assignment of error, the appellant argues that his trial counsel failed to review discovery with him and properly consult him which amounted to ineffective assistance of counsel. Further, the appellant argues that his guilty plea was the direct result of the trial counsel's ineffective assistance.
 {¶ 10} This court has stated that "to prove ineffective assistance of counsel in the context of a guilty plea, a defendant must show that (1) his counsel's performance was deficient, and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and instead would have insisted on going to trial." State v.Freeman (July 3, 1997), 3d Dist. Nos. 17-96-18 and 17-96-19.
 {¶ 11} In the present case, the appellant has been unable to meet the burden required to prove ineffective assistance of counsel. A review of the record reveals that on March 7, 2005, the trial court conducted a change of plea hearing where the court asked the appellant whether he "had adequate time and opportunity to discuss [his] case with [his] counsel" and he answered affirmatively. There is nothing in the record to indicate that any concern appellant may have had regarding adequate consultation with his counsel was not satisfactorily resolved prior to appellant's change of plea. The appellant's response, on the record, rebuts his claim of ineffective assistance of counsel. Accordingly, we conclude that the appellant has not met his burden of proof on this issue.
 {¶ 12} Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III The trial court did not make the necessary findings at the sentencinghearing to impose consecutive sentences under Ohio law.
 {¶ 13} In his third assignment of error, the appellant argues that the trial court failed to make the required findings under 2929.14(E)(4).
 {¶ 14} Before consecutive sentences may be imposed, the trial court is required to make several findings in accordance with R.C. 2929.14 and R.C. 2929.19. First, the sentencing court must find that consecutive sentences are "necessary to protect the public" or to "punish the offender." R.C. 2929.14(E)(4). Second, the court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public." Id. Finally, the trial court must find the existence of one of the three following circumstances:
(a) the offender committed one or more of the multiple offenses whilethe offender was awaiting trial or sentencing * * * or was underpost-release control for a prior offense;
 (b) * * * the harm caused by * * * the multiple offenses was so greator unusual that no single prison term for any of the offenses committedas part of a single course of conduct adequately reflects the seriousnessof the offender's conduct;
(c) the offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender. R.C. 2929.14(E)(4).
 {¶ 15} In addition to these findings, the trial court must give its reasons for imposing consecutive sentences. See R.C. 2929.19(B)(2)(c). Therefore, the trial court must not only make the required findings under R.C. 2929.14(E)(4), but must also substantiate those findings, on the record, by "identifying specific reasons supporting the imposition of consecutive sentences." State v. Brice (March 29, 2000), 4th Dist. No. 99CA21.
 {¶ 16} In the case sub judice, we find that the trial court made the necessary findings for imposing consecutive sentences. At the sentencing hearing, the trial court found "that consecutive sentences are necessary to protect the public and to punish the Defendant and are not disproportionate to the conduct of the Defendant and the danger that the Defendant poses to the public." Furthermore, the sentencing court found that "the Defendant's criminal history shows that consecutive terms are needed to protect the public from further criminal activity by the Defendant."
 {¶ 17} In sentencing a defendant, the trial court does not have to "recite the precise words of the sentencing statute in a talismanic ritual when imposing a sentence as long as it is clear from the record * * * that the trial court engaged in the appropriate analysis." State v.King (2005), 3d Dist. No. 4-04-33, 2005-Ohio-3760, ¶ 15. We conclude that the trial court's findings were similar enough to the statutory language of R.C. 2929.14(E)(4)(c) to satisfy the statutory requirements for consecutive sentencing.
 {¶ 18} In addition to making the proper statutory findings, a sentencing court is required to state its reasons for imposing consecutive sentences. R.C. 2929.19(B)(2). In the case sub judice, the sentencing court's reasons for consecutive sentences included the defendant's past theft offenses and his inability to successfully complete probation for a previous theft charge.[1] We find these reasons to be a sufficient basis for the trial court's sentencing decision.
 {¶ 19} Therefore, the appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. IV The trial court violated Defendant's constitutional right to a jurytrial by imposing more than the maximum sentence based on findings offact not submitted to a jury or admitted.
 {¶ 20} In his fourth assignment of error, the appellant argues that his sentence should run concurrent since findings were neither made by the jury nor admitted. The appellant relies on the Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. 296, as support. This court has previously determined that Blakely is not applicable to Ohio's statutory sentencing framework. See State v. Trubee (2005), 3d Dist. No. 9-03-65, 2005-Ohio-552. Therefore, the appellant's fourth assignment of error is overruled.
 {¶ 21} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Rogers and Shaw, J.J., concur.
[1] From the transcript of the sentencing hearing, we were able to discern the trial court's reasons for imposing consecutive sentences. We note, however, that a sentence would be less susceptible to reversal on appeal if the reasons for the sentence were made more explicit on the record at the sentencing hearing.