JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Leah Kravochuck, appeals from a judgment of the Cuyahoga County Court of Common Pleas resentencing her pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. For the following reasons, we affirm. *Page 3 
 {¶ 2} The facts and procedural background of this case were set forth in Kravochuck's previous appeal, State v. Kravochuck, 8th Dist. No. 85261, 2005-Ohio-3161 ("Kravochuck I"):
 {¶ 3} "On February 14, 2004, appellant struck and killed James Ivinskas with her car in the driveway of a home on Cleveland's west side. Appellant was under the influence of alcohol at the time of the accident, and she further complicated the matter when she initially lied to emergency workers and police about how Ivinskas had been injured. She was indicted on March 3, 2004 in an eight-count indictment: two counts of murder, two counts of felonious assault, two counts of aggravated vehicular homicide, one count of driving under the influence, and one count of bribery.
 {¶ 4} "On July 26, 2004, appellant pleaded guilty to count five, aggravated vehicular homicide; count seven, driving under the influence; and count eight, bribery. She received the maximum sentence of eight years for count five, three years for count eight and six months for count seven; the sentences for counts five and eight were to run consecutively while count seven would be served concurrently." Id. at _2-3.
 {¶ 5} In Kravochuck I, this court upheld Kravochuck's conviction and sentence. Id. at _29. Subsequent to our decision, however, on May 3, 2006, the Ohio Supreme Court reversed Kravochuck I, and remanded the case to the trial *Page 4 
court for resentencing on the authority of Foster. See In re OhioCriminal Sentencing Statutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109.
 {¶ 6} The trial court held a resentencing hearing on December 21, 2006. At that hearing, the trial court sentenced Kravochuck to the same sentence it had originally imposed in September 2004.
 {¶ 7} It is from this judgment that Kravochuck appeals, raising the following two assignments of error:
 {¶ 8} "[1.] The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14(E)(4).
 {¶ 9} "[2.] The trial court erred when it sentenced appellant to the maximum sentence without making the appropriate findings."
 {¶ 10} In both assignments of error, Kravochuck raises the same arguments with respect to her sentence and thus, this court will consider them in tandem.
 {¶ 11} An appellate court reviews a sentence pursuant to R.C.2953.08(G)(2), which provides in part:
 {¶ 12} "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate *Page 5 
court may take any action authorized by this division if it clearly and convincingly finds * * *:
 {¶ 13} "(a) * * *
 {¶ 14} "(b) That the sentence is otherwise contrary to law."[1]
 {¶ 15} First, Kravochuck maintains that the trial court did not make the appropriate judicial findings it was required to make before imposing consecutive sentences and the maximum sentence under R.C.2929.14(E)(4) and R.C. 2929.14(C). Kravochuck also argues that since her criminal conduct "predated the release of Foster," retroactively applying Foster to her case, violates the Ex Post Facto and Due Process Clauses of the United States Constitution. This court does not find merit in either argument.
 {¶ 16} Prior to Foster, unless certain findings were made by the trial court, a defendant was entitled to a presumption of the minimum sentence and a presumption of concurrent sentences. Foster at _44, citing R.C.2929.14(B), (C) and (E). The Supreme Court of Ohio, however, declared these statutory *Page 6 
subsections unconstitutional. Id. at paragraphs one and three of the syllabus. Post-Foster, a court is no longer required to engage in the judicial fact-finding exercise formerly mandated by these statutes and therefore, a defendant is no longer entitled to a presumption of the shortest prison term or concurrent sentences. Id. at paragraphs two and four of the syllabus. Moreover, post-Foster, a court is vested with the discretion to sentence a defendant to any sentence allowable by law under R.C. 2929.14(A). Id. at paragraph seven of the syllabus.
 {¶ 17} In addition, Kravochuck argues that retroactively applyingFoster violates the Ex Post Facto and Due Process Clauses of the United States Constitution. It is now well established that Foster does no such thing. See State v. Mallette, 8th Dist. No. 87984, 2007-Ohio-715, discretionary appeal not allowed, 115 Ohio St.3d 1439, 2007-Ohio-5567, and State v. Dawson, 8th Dist. No. 88485, 2007-Ohio-2761 (where we cited all Ohio appellate courts that also reached the same conclusion).
 {¶ 18} Accordingly, Kravochuck's two assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's *Page 7 
conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR
[1] Besides a limited remand under R.C. 2953.08(G)(1), when a trial court overrides the presumption for prison for a first or second degree felony, the portion of the statute quoted here is what remains of R.C.2953.08 after Foster. "[P]re-Foster, R.C. 2953.08(G)(1) provided an opportunity for remand to the trial court if required [judicial] findings were missing." State v. Mathis,109 Ohio St.3d 54,2006-Ohio-855, at 34. However, "judicial fact-finding is no longer required * * *, [thus] there is no longer any reason to apply (G)(1) to upward departures." Mathis at 35. We also note that (G)(2)(a), which gave appellate courts authority to increase, reduce, modify, or vacate a sentence if the record did not support the trial court's findings, no longer serves any purpose to appellate courts, since judicial fact-finding has been excised by Foster. *Page 1