JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Robbie Moore ("appellant") appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we vacate the sentence and remand for resentencing.
 I. {¶ 2} According to the case, appellant was indicted on June 14, 2004 with two counts of aggravated vehicular homicide with driving under suspension specifications (felony one) and driving under the influence (misdemeanor one). On August 23, 2004, appellant pled guilty to all three counts of the indictment. Appellant was referred to the county probation department for a presentence investigation report and to the court psychiatric clinic.
 {¶ 3} On September 28, 2004, the trial court imposed the maximum sentence allowed on the vehicular homicide charges — a ten-year prison sentence on both count one and count two, to be served consecutive to one another, for a total of twenty years.[1] Post-release control was ordered for the maximum period allowed. Appellant was sentenced to six months on count three to run concurrent to the sentences in counts one and two. Appellant's driver's license was suspended for life, and she was ordered to pay costs. On October 7, 2004, appellant filed a motion to mitigate sentence and/or for reconsideration of sentence. The state filed its brief in opposition on November 30, 2004. The court declined to rule on appellant's motion to mitigate sentence.
 {¶ 4} According to the facts, the incident in question occurred on May 20, 2004. On that date, appellant consumed alcohol and drove the wrong way on the I-71/I-90 entrance ramp, striking a motorcycle on which Jeffrey and Ann Bliss were riding. Both Jeffrey and Ann Bliss died at the scene from multiple injuries sustained in the collision. Appellant stated that she had no recollection of the accident, but admitted her culpability by entering guilty pleas to the three-count indictment. Appellant accepted full responsibility for her actions.[2]
 {¶ 5} Sentencing occurred on September 28, 2004. The trial court acknowledged that appellant had no prior felony record and had only misdemeanor traffic offenses.[3] Appellant acknowledged her bad judgment, apologized to the victims' families and indicated her "heartfelt remorse" at the sentencing. Various members of the victims' family also addressed the court and asked for the maximum penalty. As previously mentioned, the trial court did impose the maximum penalty, twenty years total, on the vehicular homicide counts. Appellant's appeal now follows.
 II. {¶ 6} Appellant's assignment of error states the following: "Imposition of a maximum sentence for a first-time offender was inconsistent with similar sentences imposed for similar offenses and constitutes a `manifest injustice.'"
 {¶ 7} Under R.C. 2929.14(E)(4), a trial court is justified in imposing consecutive sentences if it finds that consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Moreover, under R.C. 2929.14(E)(4)(a)-(c), the trial court must find one of the following:
"(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
"(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 8} In the case at bar, the first factor, (a) that the offender committed one or more of the multiple offenses while awaiting trial or sentencing, was under a community control sanction, or was under post-release control for a prior offense, does not apply. The third factor, (c) that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender, also does not apply. Appellant did not have any prior felony criminal conduct in her history. The first and third factors do not apply, thereby leaving the second factor as the sole factor to address.
 {¶ 9} In the case sub judice, the trial judge sentenced appellant to the maximum on the vehicular homicide counts and ran those two counts consecutively. The trial judge stated the following:
"This is not an accident. This is an intentional act. One intends to drink alcohol, one intends to drive. I don't know why the state legislature doesn't call this murder. It is indeed murder. It is not an accident. I don't know why the state legislature doesn't impose higher and stricter penalties for this crime, but I am limited to those penalties that they have given me to use. Let no one walk out of here believing this was an accident. * * *
"This sentence will be to protect the public. I have read all of the numerous letters from both sides of the families. I know that both sides of these families are hurt and that it is a tragedy from both sides of the families, but for you, Miss Moore, you will be sentenced to the maximum term on Count 1 and Count 2 of ten years and you will be sentenced consecutively on those two counts and on Count 3, which was the driving under the influence, which is a misdemeanor of the first degree, I will sentence you to six months. That will be consecutive — concurrent with the consecutive sentences.
"Just one thing. Remember that post-release control as we went over atthe time of the plea will apply to your sentence and that is for fiveyears; and during post-release control, if you violate any of theconditions of post-release control or any other laws of the State of Ohioor any state or municipality thereof, the parole authority can take youback to prison for up to one-half of the court-announced sentence or theycould have you charged with a new case."
(Emphasis added.)
 {¶ 10} R.C. 2929.14(E)(4) states the following:
"(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime
or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds anyof the following: * * *
"(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of themultiple offenses so committed was so great or unusual that no singleprison term for any of the offenses committed as part of any of thecourses of conduct adequately reflects the seriousness of the offender'sconduct."
 {¶ 11} The sentencing transcript above demonstrates that the trial court judge did not address the additional R.C. 2929.14(E)(4)(b) requirements in her sentencing. For example, after the trial court judge stated that "[t]his sentence will be to protect the public," she went on to address the letters written by the victims' families instead of addressing the R.C. 2929.14(E)(4)(b) requirements.
 {¶ 12} Ordinarily, sentences for more than one felony will be served concurrently. The law "disfavors consecutive sentencing." State v.DeAmiches (Mar. 1, 2001), Cuyahoga App. No. 77609, appeal dismissed by92 Ohio St.3d 1432. ("The imposition of * * * consecutive sentences * * * must be justified by extraordinary circumstances.")
 {¶ 13} Accordingly, we find that the trial court did not adequately satisfy the R.C. 2929.14(E)(4) requirements on the record. Specifically, the court did not address how the sentences related to the fact that at least two of the multiple offenses were committed as part of one or more course of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that a single prison term does not adequately reflect the seriousness of the offender's conduct.
 {¶ 14} Assuming arguendo that the trial court did provide more support in its sentencing rationale, thereby satisfying R.C. 2929.14(E), the sentence would still be contrary to law. It is the task of the appellate courts to review the consideration given by the trial judge to assure that the sentence is consistent with the purposes and principles applicable to all sentences. R.C. 2929.11(A), R.C. 2929.11(B), R.C. 2929.13. It is also the task of the appellate courts to review the trial court's findings on the record for not imposing the minimum prison sentence within the sentencing range where the defendant has not previously served a prison term. R.C. 2929.14(B). Moreover, the appellate courts are tasked with reviewing the trial court's determination and reasons for imposing the maximum prison term. R.C. 2929.14(C), 2929.19(B)(2)(d),2929.19(B)(2)(e).
 {¶ 15} Appellant's sentence in the case at bar is contrary to law. It is inconsistent with sentences of similar defendants in similar cases. An appellant must clearly and convincingly establish that his sentence is contrary to law by one of two mutually exclusive avenues. First, the appellant can show that his sentence is inconsistent with sentences of similar defendants in similar cases. Second, the appellant can demonstrate that the trial court did not make the statutorily required findings on the record before imposing the sentence. State v. Short,
Lucas App. No. L-03-1117, 2004-Ohio-2050.
 {¶ 16} Although simply citing similar cases is not enough to show a sentence is in error, it is significantly relevant. Appellant's counsel cited numerous cases in which similar defendants received substantially shorter sentences than appellant received in the case at bar. For example, appellant stated the following in his motion to mitigate sentence:
"In the case of Ohio v. Patrick Cleary, Case No. CR 03-443272 the defendant was sentenced to serve one year incarceration for Aggravated Vehicular Homicide and was, subsequently, granted judicial release. In the case of State of Ohio v. Lisa Pribula, Case No. CR 03-435845 after getting high on beer and marijuana and fooling around with a front passenger, the defendant caused the death of one passenger and critically injured three others. This defendant was sentenced to serve four years
incarceration. In the case of State of Ohio v. Nicholas Ulvila, Case No. CR 02-431286 the defendant left his friend in [the] road to die and received a sentence of four years incarceration for the crime of Aggravated Vehicular Homicide. In the case of Ohio v. Kravochuch, the defendant received a sentence of eight years for Aggravated Vehicular Homicide though this was her `fifth' DUI arrest. In the case of Ohio v.Yakubics, Case No. CR 02-427919 the defendant received a sentence of five years though he also had five prior DUI arrests."[4]
 {¶ 17} Appellant's counsel also mentioned that the day before appellant was sentenced, the Cuyahoga County Common Pleas Court sentenced James Skolsky in Case No. CR 04-454131A, which was a very similar case. Skolsky operated his motor vehicle under the influence of alcohol, drove the wrong way on Bolivar Road past five "wrong way" signs onto East Ninth Street in Cleveland and struck a taxicab, causing the death of two people. Unlike appellant in the case sub judice, Skolsky had been previously arrested for driving under the influence of alcohol. At the time of the accident, Skolsky's blood-alcohol content was .25.
 {¶ 18} At sentencing, Skolsky apologized to the victims' families and the court for his involvement in the accident that caused the death of two people. However, in Skolsky's case, he was sentenced to three years for each death, for a combined total of six years. As previously mentioned, appellant was sentenced to twenty years in the case at bar.
 {¶ 19} While the circumstances of this case are indeed tragic, the evidence demonstrates that the trial court's sentence was statutorily deficient and inconsistent with similar sentences imposed for similar offenses. We hereby find the trial court's sentence to be in error.
 {¶ 20} Accordingly, appellant's assignment of error is sustained.
Sentence vacated and case remanded for resentencing.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., Concurs;
 McMonagle, J., concurs in part and dissents in part. (See separateconcurring and dissenting Opinion.)
 CONCURRING AND DISSENTING OPINION
[1] R.C. 2929.14(A)(1) provides that the sentencing range for a first-degree felony is three, four, five, six, seven, eight, nine, or ten years in prison. In addition, R.C. 2903.06(E) mandates a prison term for an offender who is convicted of aggravated vehicular homicide.
[2] Tr. 6 — 7.
[3] Tr. 50.
[4] See footnote 1 in defendant's motion to mitigate sentence and/or for reconsideration of sentence.