{¶ 1} On May 20, 2005, a Cuyahoga County Grand Jury indicted defendant-appellant Jeffrey Donahue ("Donahue") with the following: two counts of involuntary manslaughter, one count of failure to stop after an accident, one count of unauthorized use of a motor vehicle, one count of aggravated vehicular homicide.
 {¶ 2} On July 14, 2005, Donahue pleaded guilty to the following: one count of involuntary manslaughter and one count of failing to stop after an accident. The remaining counts were nolled.
 {¶ 3} On August 18, 2005, the trial court sentenced Donahue to seven years imprisonment as follows: seven years of imprisonment for involuntary manslaughter and three years of imprisonment for failing to stop after an accident and exchange identity and vehicle registration, sentences to run concurrent to each other.
 {¶ 4} On September 26, 2005, Donahue filed a notice of appeal, challenging the seven-year sentence imposed on him by the trial court. On June 29, 2006, we vacated Donahue's sentence and remanded for resentencing.
 {¶ 5} On November 6, 2006, the trial court resentenced Donahue to six years of imprisonment as follows: six years of imprisonment for involuntary manslaughter and three years of imprisonment for failing to stop after an accident, sentences to run concurrent to each other.
 {¶ 6} The facts giving rise to the instant case occurred on April 7, 2005, at approximately 9:00 a.m. Donahue, age nineteen, exited I-90 near Lakewood *Page 4 
Heights Boulevard and Warren Road at fifty-three m.p.h., and struck the vehicle of Donald Milewski ("Milewski"), which was waiting in a line of cars stopped at a red light. Donahue never touched his brakes. The impact caused severe injuries to Milewski and ultimately his death two days later.
 {¶ 7} Donahue exited his car and checked on Milewski. When Donahue realized Milewski was injured, he approached another car, which was driven by Dave Harbarger ("Harbarger"), and asked to use his cellular phone. Harbarger indicated that he already called for help.
 {¶ 8} Donahue returned to Milewski's car and offered to help him if Milewski would unlock the door. Milewski indicated that he couldn't unlock the door because he was paralyzed. Witnesses described Donahue as nervous, excited and agitated and that they tried to calm him. Donahue became scared and fled the scene of the accident on foot.
 {¶ 9} Donahue's driver's license was under suspension on April 7, 2005; however, he took the keys to his mother's car without her permission. There is no evidence that Donahue was under the influence of alcohol. Donahue has two prior DUI's on his record and was scheduled to enter Oriana House the following day, April 8, 2005, for substance abuse treatment.
 {¶ 10} Donahue turned himself in to police at approximately 5:00 p.m. the same day.
 {¶ 11} Donahue filed the instant appeal, asserting one assignment of error: *Page 5 
 "The trial court abused it's [sic] discretion in imposing a sentence greater than the minimum for a first time offender which was inconsistent with similar sentences imposed for similar offenses and constitutes a manifest injustice."
 {¶ 12} Donahue argues the following: the trial court erred in failing to consider the statutory criteria set forth in R.C. 2929.14; the trial court erred in imposing more than the minimum sentence; and lastly, his sentence is inconsistent with sentences imposed against similar defendants in similar cases.
 {¶ 13} Appellate courts review sentences de novo. State v. Tish, Cuyahoga App. No. 88247, 2007-Ohio-1836. "A defendant's sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Clear and convincing evidence is that which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." (Internal citations omitted.) State v. Samuels, Cuyahoga App. No. 88610,2007-Ohio-3904.
 {¶ 14} The Supreme Court of Ohio, in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, held that "the trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give reasons for imposing maximum, consecutive, or more than the minimum sentences." Additionally, "judicial fact-finding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. *Page 6 
 {¶ 15} A felony of the first degree, such as involuntary manslaughter, is subject to a minimum three-year sentence and a maximum ten-year sentence. R.C. 2929.14. A felony of the third degree, such as failing to stop after an accident, is subject to a minimum one-year sentence and a maximum five year sentence. R.C. 2929.14. Therefore, the trial court did not err in sentencing Donahue to six years of imprisonment for involuntary manslaughter and three years of imprisonment for failing to stop after an accident because each sentence is within the statutory range set forth in R.C. 2929.14. Further, the trial court did not err in failing to make judicial findings of fact regarding the imposed sentence. See Foster.
 {¶ 16} Lastly, Donahue argues that his sentence is inconsistent with sentences imposed against similar defendants in similar cases and cites to individual cases in support. However, "[s]imply pointing out an individual or series of cases with different results will not necessarily establish a record of inconsistency." State v.Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341.
 "It is axiomatic that every case and each defendant is unique. For this reason, it is impossible to make any meaningful comparison of consistency from select appellate case law. That type of non-exhaustive comparison is not statistically reliable or fairly representative of the broad spectrum of defendants who have not been sentenced throughout Ohio for similar offenses, which would include those who have not appealed their sentences. Instead, consistency is achieved by weighing the sentencing factors. As such, the concept of consistency allows for divergent sentences for the same statutory offense due to the particular factual situations and offender characteristics." State v. Murrin, Cuyahoga App. No. 83482, 2004-Ohio-6301.
Donahue's sole assignment of error is overruled. *Page 7 
 {¶ 17} However, we find plain error regarding Donahue's sentence. Pursuant to Crim.R. 52(B), "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
 {¶ 18} R.C. 4549.02 sets forth a mandatory driver's license suspension when an offender fails to stop after an accident. R.C. 4510.02 states, in part: "When a court * * * is required to suspend the driver's license * * * of any offender from a specified suspension class * * * the court shall impose a definite period of suspension from the range specified for the suspension class * * *." Here, the trial court failed to inform Donahue of his suspended driver's license at the hearing, although it did address Donahue's license in its journal entry, which reads in part: "Driver's license suspension until 08/18/2015."
 {¶ 19} Furthermore, the Ohio Supreme Court held, in State v.Jordan, 104 Ohio St.3d 21, syllabus, "When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry." Furthermore, where postrelease control is not properly included in a sentence, the sentence for that offense is void. State v. Bezak,114 Ohio St.3d 94.
 {¶ 20} In the instant case, the trial court stated at the sentencing hearing, "You are also still subject to a mandatory term of what is referred to as Post Release Control, which is similar to parole. That mandatory period is for a period of five *Page 8 
years and the terms and conditions to be effected and imposed by the Adult Parole Authority." Tr. 54. The corresponding journal entry reads, "Post Release control is part of this prison sentence for the maximum time allowed or the above felony(s) under R.C. 2967.28."
 {¶ 21} Thus, the trial court clearly informed Donahue of the mandatory five year term of postrelease control. However, nowhere in the record does the trial court inform Donahue of the terms and conditions of postrelease control. In State v. Craddock, Cuyahoga App. No. 85175,2005-Ohio-2839, we vacated Craddock's sentence and remanded for resentencing where the trial court failed to inform him that violation of postrelease control could be up to one-half of his original sentence.
 {¶ 22} "[W]here a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant." State v. Beasley (1984), 14 Ohio St.3d 74. Beasley is applicable to instances in which a trial court fails to include a statutorily mandated drivers' license suspension. State v. Davis, Cuyahoga App. No. 88490, 2007-Ohio-3056. As Donahue's sentence does not contain two statutorily mandated terms, namely, a driver's license suspension and postrelease control, Donahue's sentence is void.
 {¶ 23} Donahue's sentence is vacated and this matter is remanded for resentencing.
 It is ordered that appellant recover from appellee costs herein taxed. *Page 9 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J., and MELODY J. STEWART, J., CONCUR. *Page 1