THE STATE OF OHIO, APPELLEE, *v.* JOHNSON, APPELLANT.

[Cite as *State v. Johnson,* 116 Ohio St.3d 541, 2008-Ohio-69.]

542

O'Donnell, J.

{¶ 1} Kevin Johnson appeals from a decision of the Butler County Court of Appeals, which affirmed the trial court's imposition of consecutive life sentences for his four rape convictions upon its determination that R.C. 2929.13(F) required that mandatory prison terms for certain serious offenses, including rape, be imposed consecutively. We hold that R.C. 2929.13(F) does not require a sentencing court to impose consecutive sentences for multiple rape convictions. Accordingly, we reverse the judgment of the Twelfth District, vacate Johnson's sentence, and remand this cause for resentencing.

{¶ 2} A jury found Johnson guilty of four counts of rape, each with a finding that the victim was under ten years old. The trial court sentenced Johnson to a mandatory term of life imprisonment for each of his four convictions, pursuant to R.C. 2907.02(B) and 2929.13(F)(2), and ordered him to serve his sentences consecutively, finding that "[s]ince the conviction on each count requires a mandatory sentence, pursuant to ORC 2929.13(F)(2), the Court is required by law to run each sentence consecutively."

{¶ 3} The Twelfth District Court of Appeals affirmed the trial court's judgment, determining that R.C. 2929.13(F) implicitly required the imposition of consecutive prison terms for multiple rape convictions. The Twelfth District stated: "Anything less would diminish the intended effect of the mandatory sentences, and would render such sentences not truly mandatory. We do not interpret the language of R.C. 2929.13(F) to allow for the possibility of a 'volume discount,' where a defendant essentially serves one term for the commission of multiple, serious crimes for which mandatory prison terms are required." *State v. Johnson*, Butler App. No. CA2005–10–422, 2006-Ohio-5195, 2006 WL 2796826, ¶ 68.

{¶ 4} The Twelfth District certified that its decision was in conflict with the decision of the Third District Court of Appeals in *State v. Sharp*, Allen App. No. 1–02–06, 2002-Ohio-2343, 2002 WL 1001035. In *Sharp*, the court had determined that R.C. 2929.13(F)(3) did not require the imposition of consecutive prison terms for multiple convictions for gross sexual imposition where the victim was under the age of 13. Id. at ¶ 26. Nonetheless, the Third District upheld the trial

court's imposition of consecutive sentences because the court, pursuant to R.C. 2929.14(E)(4), made abundant findings to support the consecutive terms. Id.[1]

{¶ 5} Thus, the decisions of the Twelfth and Third districts interpreting R.C. 2929.13(F) diverge. While the Twelfth District's decision in *Johnson* holds that R.C. 2929.13(F) requires consecutive sentences for multiple convictions, the Third District's decision in *Sharp* determines that it does not.

{¶ 6} Upon granting Johnson's motion to certify a conflict, the Twelfth District certified the following issue to this court: "[W]hether a trial court is required to impose consecutive sentences when a defendant is convicted of multiple counts of an offense listed in R.C. 2929.13(F)." We accepted the certified question.

{¶ 7} Johnson acknowledges that R.C. 2929.13(F) requires a court to impose mandatory prison terms for convictions for any of the offenses enumerated in the statute. However, he contends that nothing in the plain language of the statute requires a court to impose those mandatory prison terms consecutively when an offender is convicted of multiple offenses. Johnson asserts that when the legislature intends to require sentencing courts to impose mandatory sentences consecutively, it explicitly states its intention. He cites R.C. 2921.331(D), which provides that an offender convicted of failure to comply with an order or signal of a police officer "shall serve the prison term [for that conviction] consecutively to any other prison term or mandatory prison term imposed upon the offender."

{¶ 8} In contrast, the state asserts that because R.C. 2929.13(F) provides that "the court shall impose a prison term or terms" and limits the court's ability to reduce the offender's sentence under certain sections of the Revised Code, the statute requires a sentencing court to impose the terms for multiple convictions consecutively. The state reasons that permitting an offender to serve the mandatory sentences for multiple convictions concurrently would impermissibly reduce the sentences and render them not truly mandatory. There appears to be some confusion in the courts below and between the parties to this case regarding the difference between mandatory and consecutive sentences as well as a sentencing court's obligation to impose those sentences. The provisions of R.C. 2929.13(F), 2929.14(D) and (E), and 2929.41(B) serve to clarify this issue.

{¶ 9} R.C. 2929.13(F) addresses mandatory prison terms and lists offenses for which a sentencing court is obligated to impose a prison term. The version in effect on the date of the offense provided: "Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term or terms under sections

---

1. We note that the Third District's decision in *Sharp* predates this court's decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, in which we held that the portions of R.C. 2929.14(E)(4) requiring judicial findings for consecutive terms are unconstitutional. *Foster*, paragraph three of the syllabus.

2929.02 to 2929.06, section 2929.14, or section 2971.03 of the Revised Code and except as specifically provided in section 2929.20 [judicial release] or 2967.191 [credit for confinement awaiting trial] of the Revised Code or when parole is authorized for the offense under section 2967.13 of the Revised Code shall not reduce the terms pursuant to section 2929.20 [judicial release], section 2967.193 [deduction from sentence for participation in certain programs], or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code for any of the following offenses: * * * (2) Any rape, regardless of whether force was involved and regardless of the age of the victim * * *." Sub.H.B. No. 52, effective June 1, 2004.[2]

{¶ 10} In addition to rape, the mandatory-sentence provision of R.C. 2929.13(F) applies to a number of offenses, including (1) aggravated murder or murder; (2) gross sexual imposition or sexual battery; (3) felony offenses of involuntary manslaughter, aggravated vehicular homicide, vehicular homicide, and vehicular manslaughter and several assault charges; (4) certain felony drug offenses; (5) certain first- or second-degree felonies committed by offenders previously convicted of certain offenses; (6) certain third-degree felonies or an attempt to commit a second-degree felony that is an offense of violence and that involved an attempt to cause serious physical harm to a person or that resulted in serious physical harm to a person if committed by an offender who had previously been convicted of certain offenses; (7) felonies committed while the offender had a firearm on or about the offender's person or control; (8) any offense of violence that is a felony if the offender wore or carried body armor while committing the offense; (9) engaging in a pattern of corrupt activity when the most serious offense in the pattern of corrupt activity is a felony of the first degree; (10) any violent sex offense or designated homicide, assault, or kidnapping offense if, in relation to that offense, the offender is adjudicated a sexually violent predator; (11) carrying a deadly weapon, ammunition, or dangerous ordnance onto the grounds of detention facility or mental-health facility if the offender is an officer or employee of the department of rehabilitation and correction; (12) aggravated vehicular homicide, vehicular homicide, or vehicular manslaughter if the victim is a peace officer or an investigator of the bureau of criminal identification and investigation; and (13) aggravated vehicular homicide, vehicular homicide, or vehicular manslaughter if the offender has been convicted of three or more offenses involving driving while under the influence of alcohol or drugs or an equivalent offense. R.C. 2929.13(F)(1) and (3) through (14).

{¶ 11} R.C. 2929.14 and 2929.41 enumerate additional offenses and circumstances under which an offender shall serve his sentences consecutively. R.C.

---

2. The quoted portion of R.C. 2929.13(F) has since been amended, but the change is not relevant to this opinion. See Am.Sub.H.B. No. 461, effective April 4, 2007.

2929.14(E)(1)(a) requires consecutive sentencing for firearm specifications: "Subject to division (E)(1)(b) of this section, if a mandatory prison term is imposed upon an offender pursuant to division (D)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, if a mandatory prison term is imposed upon an offender pursuant to division (D)(1)(c) of this section for committing a felony specified in that division by discharging a firearm from a motor vehicle, or if both types of mandatory prison terms are imposed, the offender shall serve any mandatory prison term imposed under either division *consecutively to* any other mandatory prison term imposed under either division or under division (D)(1)(d) of this section, *consecutively to and prior to* any other prison term imposed for the underlying felony pursuant to division (A), (D)(2), or (D)(3) of this section or any other section of the Revised Code, and *consecutively to any other prison term* or mandatory prison term previously or subsequently imposed upon the offender." (Emphasis added.)

{¶ 12} Using similar language, R.C. 2929.14(E)(1)(b) requires the imposition of consecutive sentences when an offender receives a mandatory term for wearing or carrying body armor while committing an offense of violence that is a felony.

{¶ 13} Other provisions of R.C. 2929.14 require consecutive sentences when an offender is convicted of (1) repeat violent-offender specifications, R.C. 2929.14(D)(2)(d); (2) discharging a firearm at a police officer, R.C. 2929.14(E)(1)(c); (3) committing another felony while the offender is an escapee, R.C. 2929.14(E)(2); and (4) removing or attempting to remove a firearm from the person of a law enforcement officer or theft in which the stolen property is a firearm or dangerous ordnance, R.C. 2929.14(E)(3).

{¶ 14} Furthermore, R.C. 2929.41(B)(1) requires a sentencing court to impose sentences for misdemeanor violations of R.C. 2907.322 (pandering sexually oriented matter involving a minor), 2921.34 (escape), or 2923.131 (possession of deadly weapon while under detention) "consecutively to any other prison term, jail term, or sentence of imprisonment."

{¶ 15} "A court's preeminent concern in construing a statute is the legislative intent in enacting a statute." *State ex rel. Van Dyke v. Pub. Emps. Retirement Bd.*, 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438, ¶ 27. A court shall apply an unambiguous statute in a manner consistent with the plain meaning of the statutory language and may not add or delete words. *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52.

{¶ 16} Here, the plain language of R.C. 2929.13(F) requires the sentencing court to impose a prison term for certain serious offenses and limits that court's discretion to reduce that term pursuant to R.C. 2929.20 (judicial release), R.C. 2967.193 (deduction for participation in certain prison programs), or any other

provision of R.C. Chapter 2967 or 5120 (pardon, parole, probation), except in certain enumerated circumstances. The word "consecutive" does not appear in the statute.

{¶ 17} As R.C. 2929.14(D) and (E) and 2929.41(B)(1) demonstrate, when the legislature intends a sentencing court to impose multiple sentences consecutively, it explicitly states that intention. However, while R.C. 2929.13(F) reveals the intent of the legislature that a sentencing court impose mandatory prison terms for the enumerated offenses, our review of that statute reveals no language demonstrating any legislative intent to require a sentencing court to impose those terms consecutively to each other or to any other sentence. Therefore, we hold that R.C. 2929.13(F) does not require a sentencing court to impose consecutive sentences for multiple rape convictions.

{¶ 18} Instead, after the sentencing court imposes a separate prison term for each conviction, it may exercise its discretion to determine whether consecutive sentences are appropriate based upon the particular facts and circumstances of the case. See *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 9; *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus, ¶ 100 ("Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences").

{¶ 19} Here, the trial court imposed consecutive sentences for Johnson's four rape convictions based upon its mistaken belief that R.C. 2929.13(F) required it to do so, as exemplified by its statement that "the Court is required by law to run each sentence consecutively." Thus, the court did not exercise its discretion to determine whether the facts and circumstances of this case warranted the imposition of consecutive prison terms.

{¶ 20} Accordingly, we reverse the decision of the Twelfth District, vacate Johnson's sentence, and remand this cause to the trial court for resentencing. That court may exercise its discretion to determine whether the particular facts and circumstances of this case warrant the imposition of consecutive sentences.

Judgment reversed,
sentence vacated,
and cause remanded.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

---

Robin N. Piper, Butler County Prosecuting Attorney, and Lina Kirchner and Michael A. Oster Jr., Assistant Prosecuting Attorneys, for appellee.

Christopher P. Frederick, for appellant.

Charles B. Clovis, urging reversal for amicus curiae, Ohio Association of Criminal Defense Lawyers.

