JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Robbie Moore appeals from the sixteen-year sentence the trial court imposed for her convictions at her resentencing hearing, following this court's decision in State v. Moore, Cuyahoga App. No. 85451, 2005-Ohio-4699 ("Moore I"), which vacated, for two reasons, the original sentence of twenty years.
 {¶ 2} Nearly identically to the assertion she presented in MooreI, in the instant case Moore argues in her assignment of error that the length of the total sentence imposed for her convictions, viz., two counts of first-degree aggravated vehicular homicide and one count of first-degree misdemeanor driving under the *Page 2 
influence of alcohol ("DUI"), remains improper. Moore contends that such a lengthy term for a first offender is "manifestly unjust," disproportionate to terms imposed upon similar offenders for similar crimes, and, essentially, amounts to an abuse of discretion.
 {¶ 3} Upon a review of the record in light of State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855 and the analysis set forth in Moore I, her argument lacks merit. Her sentence, consequently, is affirmed.
 {¶ 4} The facts that underlie Moore's convictions were described, in a highly abbreviated fashion, in Moore I. At the resentencing hearing, the state presented several witnesses who supplemented those facts.
 {¶ 5} Thus, the evidence established that in the early morning of May 20, 2004, after several hours of drinking at a bar in Elyria, Ohio, Moore, whose driver's license had been suspended, got into her sedan and proceeded to drive. She intended to return to her Warrensville Heights home, so she took Interstate 480 eastbound.
 {¶ 6} In her inebriated condition, Moore not only failed to follow her intended route on I-480, instead eventually traveling northbound on I-71, but she also managed somehow to enter the southbound lanes of the latter freeway as she did so. Other drivers began reporting her wrong-way progress to the police. These calls initially placed Moore near Cleveland Hopkins Airport. *Page 3 
 {¶ 7} Moore drove at night, oblivious to her location and to the number of vehicles' headlights coming directly toward her. The Cleveland Police Department Accident Investigation Unit supervisor conservatively estimated the number of vehicles she encountered along her route as "close to a hundred."
 {¶ 8} While narrowly missing cars that were proceeding in the proper direction, Moore continued on her way at speeds estimated between seventy and eighty miles per hour until she struck a motorcycle. The collision occurred in downtown Cleveland, in the westbound lanes of I-90, known as the "Innerbelt." The two people riding the motorcycle were killed by the impact. One of the officers involved in the investigation testified that the distance from the airport to that location was approximately fifteen miles.
 {¶ 9} As a result of the incident, Moore was indicted on two first-degree felony counts of aggravated vehicular homicide, since she was driving while under a license suspension, and one first-degree misdemeanor count of driving under the influence of alcohol ("DUI"). Moore subsequently entered guilty pleas to the charges. The trial court ordered both a presentence investigation and a psychological assessment before imposing a sentence that totaled twenty years.
 {¶ 10} Moore appealed her sentence, and in Moore I, this court sustained her assignment of error and vacated the sentence for two reasons. First, "the trial court did not adequately satisfy the R.C.2929.14(E)(4) requirements on the record" in *Page 4 
imposing sentence. Id., at ¶ 13. Second, "[a]ssuming arguendo that the trial court did * * * satisfy * * * R.C. 2929.14(E)," Moore's sentence was "contrary to law," in that it was "inconsistent with sentences of similar defendants in similar cases." ¶ 14.
 {¶ 11} In making the foregoing pronouncement, this court found it relevant that Moore provided the trial court with case law that seemed to support the second rationale. In any event, since the sentence imposed constituted error, it was vacated and the matter was remanded for resentencing. Id., at ¶ 20.
 {¶ 12} This court's opinion in Moore I was decided on September 8, 2005. In February 2006, the Ohio Supreme Court issued its decisions inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-854 and State v.Mathis, supra.
 {¶ 13} Foster determined certain of the sentencing statutes, including R.C. 2929.14(E), were unconstitutional. Mathis provided a framework for appellate review in light of Foster.
 {¶ 14} Thus, the supreme court held that a trial court has "discretion to sentence within the applicable [statutory] range, following R.C.2929.19 procedures." Mathis, 1{37. The supreme court directed that, at a resentencing hearing after Foster, a trial court "shall consider the record," along with "any information presented at the hearing, any presentence investigation report, and any victim impact statement," and, further, "the statutes that apply to every felony case," and must be "guided by statutes that are specific to the case itself." Id., at ¶ 37-38. It *Page 5 
follows that when the record reflects the trial court complied with its duties, its decision may be reversed only if the sentence is "contrary to law." R.C. 2950.08(G)(2)(b). See, also, State v. Johnson,116 Ohio St.3d 541, 2008-Ohio-69.
 {¶ 15} When Moore's case was returned to the trial court, the record reflects the initial sentencing date of August 17, 2006 was continued. The trial court indicated its desire to more thoroughly consider Moore's sentencing memorandum prior to conducting the proceeding.
 {¶ 16} Moore's case was called for sentencing on March 29, 2007. The trial court listened to Moore, heard from several members of the victims' families, and accepted evidence from some of the police officers who were involved in the investigation of the incident. Furthermore, the trial court mentioned some of the cases Moore cited in her sentencing memorandum, but determined the facts of the instant case were distinguishable. Ultimately, the trial court imposed a sentence that totaled sixteen years.
 {¶ 17} Moore appeals from the trial court's decision and presents the following assignment of error:
 "I. Imposition of a sixteen year sentence for the crime of aggravated vehicular homicide for a first-time offender is inconsistent with similar *Page 6 sentences imposed for similar offenses and constitutes a `manifest injustice.'"
 {¶ 18} Moore presents almost the identical assignment of error that she presented in her previous appeal. Although she supports it with several arguments, this court finds none of them persuasive.
 {¶ 19} First, Moore argues that "similarly situated defendants" received lesser punishments. A review of the cases she cites, however, reveals little similarity exists in comparing their situations to her own.
 {¶ 20} Moore seeks to focus solely on the fact that she was a "first offender." However, that fact is only one for the trial court to consider. Of more importance for purposes of sentencing was the degree of the offenses to which she entered her guilty pleas. Both counts one and two charged Moore with first-degree felonies.
 {¶ 21} Such offenses are punishable by terms of incarceration of up to ten years. R.C. 2929.14(A). Most of the defendants in the cases Moore cites, on the other hand, were not charged with committing first-degree felony aggravated vehicular homicide. State v. Kravochuk, Cuyahoga App. No. 89294, 2007-Ohio-6323; State v. Koller, Cuyahoga App. No. 89606,2008-Ohio-806. Those that were received sentences similar to Moore's. See, e.g., State v. Edwards, Adams App. No. 06CA830, 2007-Ohio-1516. *Page 7 
 {¶ 22} Moreover, the circumstances that surrounded Moore's offenses were particularly egregious. Although she knew she lacked a valid driver's license and had been drinking, nevertheless, Moore got into her car at night and tried to drive from Elyria to Warrensville Heights. While intentionally traveling such a lengthy distance, she ignored the signs that would have informed her of her wrong-way driving, ignored the posted speed limit, ignored the traffic, and ignored the warnings of many other drivers proceeding lawfully on the road; in her hubris, she ultimately killed two innocent people.
 {¶ 23} Moore additionally implies that the trial court's decision in this case to impose nearly the maximum term for each offense reflects an "institutional bias" against her. This implication finds no support in the record. Indeed, when Moore made this insinuation, the trial court stated it "deeply resented" such a charge. The trial court declared it had "never decided a case based on race or ethnic background ever," and that it never would.
 {¶ 24} "A defendant's sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law." State v. Donahue, Cuyahoga App. No. 89111, 2007-Ohio-6825, ¶ 13.
 {¶ 25} "* * * [A]fter the sentencing court imposes a separate prison term for each conviction, it may exercise its discretion to determine whether consecutive sentences *Page 8 
are appropriate based upon the particular facts and circumstances of the case." State v. Johnson, supra. "Trial courts have full discretion to impose a prison sentence within the statutory range * * *." State v.Foster, supra, paragraph seven of the syllabus.
 {¶ 26} Since the record reflects the trial court considered its statutory duties and the circumstances that surrounded the incident prior to imposing a sentence that was within the permissible range, this court cannot conclude Moore's sentence was "contrary to law." State v.Donahue, at ¶ 15-16, citing State v. Murrin, Cuyahoga App. No. 83482,2004-Ohio-6301. See also, State v. Woody, Ottawa App. No. OT-06-015,2007-Ohio-2955; cf., State v. Johnson, supra.
 {¶ 27} Accordingly, Moore's assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
AND FRANK D. CELEBREZZE, JR., J., CONCUR
SEAN C. GALLAGHER, P.J., CONCURS (SEE
SEPARATE CONCURRING OPINION ATTACHED)
KENNETH A. ROCCO, J., CONCURS WITH CONCURRING OPINION