{¶ 16} I concur with the judgment of the majority; however, I write separately to address the impact of State v. Hairston (Jan. 9, 2008), ___ Ohio St.3d ___, ___ 2008-Ohio-2338, on this case.
 {¶ 17} As the majority points out, a judge who sentences an offender to prison on a fourth-or fifth-degree felony is, in effect, finding that the offender is not amenable to community control sanctions. Since the Ohio Supreme Court in Foster held that failure to make any of the findings outlined under R.C. 2929.13(B)(1) is not a bar to the imposition of a prison term on a felony of the fourth or fifth degree, such analysis in light of Hairston now appears pointless. AlthoughFoster did not excise the "findings" language in R.C. 2929.13(B)(1), it may as well have. I would read Hairston to hold that any prison term imposed within the statutory range is now valid until the legislature acts to once again change Ohio's sentencing structure.
 {¶ 18} Similarly, any argument about the disproportionality of a sentence that falls within a range is invalid. See Hairston. This court also said as much in State v. Moore, Cuyahoga App. No. 89779,2008-Ohio-2365. *Page 1