[Cite as *State v. Kelley*, 2013-Ohio-1899.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98928**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TAKARA KELLEY

DEFENDANT-APPELLANT

**JUDGMENT:**
CONVICTIONS AFFIRMED, SENTENCE
VACATED, AND REMANDED FOR RESENTENCING

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-547114

**BEFORE:** Boyle, P.J., Celebrezze, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 9, 2013

**ATTORNEY FOR APPELLANT**

Gayl M. Berger
30650 Pinetree Road
Suite 19
Cleveland, Ohio    44124

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    T. Allan Regas
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

MARY J. BOYLE, P.J.:

{¶1}   Defendant-appellant, Takara Kelley, appeals her 31-year prison sentence. She raises three assignments of error for our review:

> 1. The trial court erred by sentencing appellant for convictions that are allied offenses of similar import that should have been merged.
>
> 2. The trial court's imposition of a thirty-one year prison term was contrary to law and an abuse of discretion.
>
> 3. Appellant was denied her constitutional right to effective assistance of counsel.

{¶2}   We find merit to Kelley's first assignment of error and vacate her sentence and remand for a new sentencing hearing.

## Procedural History and Factual Background

{¶3}   In February 2011, Kelley was charged with 14 counts of aggravated vehicular homicide, aggravated vehicular assault, and driving while under the influence. Kelley withdrew her former plea of not guilty in August 2011 and pleaded guilty to six counts, including two counts of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), three counts of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), and one count of driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a).   The remaining counts were nolled.

{¶4}   The trial court sentenced Kelley on September 20, 2011, to ten years on each count of aggravated vehicular homicide, seven years on one count of aggravated vehicular assault, two years each on the other two counts of aggravated vehicular assault,

and time served for driving while under the influence of alcohol. The court ordered that each term be served consecutive to one another for a total of 31 years in prison. The trial court further suspended Kelley's driver's license for life and advised her that she would be subject to a mandatory five years of postrelease control.

{¶5} Kelley appealed to this court. *See State v. Kelley*, 8th Dist. No. 97389, 2012 Ohio-2309. We dismissed Kelley's appeal, however, for lack of a final appealable order because the trial court failed to sentence Kelley on Count 13 (driving under the influence), "as required under R.C. 4511.19(G)(1)(a)(i) and 4511.19(G)(1)(a)(iii), to a mandatory term of imprisonment and a mandatory fine for the misdemeanor offense of driving under the influence." *Id.* at ¶ 4.

{¶6} Upon dismissal of Kelley's appeal, the trial court held a resentencing hearing on Count 13, driving while under the influence of alcohol. The trial court sentenced Kelley to six months and six days on Count 13, and ordered that it be served concurrent to the sentence it previously imposed. The trial court also imposed a mandatory fine of $1,075. The trial court issued a final judgment, including Kelley's entire sentence. It is from this judgment that Kelley appeals.

## Allied Offenses

{¶7} In her first assignment of error, Kelley argues that her conviction under R.C. 4511.19(A)(1)(a) should have merged with R.C. 2903.06(A)(1)(a) and 2903.08(A)(1)(a), as they were allied offenses of similar import.

**{¶8}** Aggravated vehicular homicide under R.C. 2903.06(A)(1)(a) provides: No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall cause the death of another * * * [a]s the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance[.]

**{¶9}** Aggravated vehicular assault under R.C. 2903.08(A)(1)(a) provides:

No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall cause serious physical harm to another person * * * [a]s the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance[.]

**{¶10}** R.C. 4511.19(A)(1)(a) provides that "[n]o person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."

**{¶11}** The state concedes that Kelley's conviction under R.C. 4511.19(A)(1)(a) was an allied offense of similar import to her convictions under R.C. 2903.06(A)(1)(a) (the victims were two adults) and 2903.08(A)(1)(a) (the victims were three children). But it asserts that upon remand, it would elect to have Kelley sentenced on aggravated vehicular homicide, and thus, she would receive the same sentence. It requests that pursuant to R.C. 2953.08(G)(2), this court modify Kelley's sentence to reflect the correct sentence, rather than remand for resentencing just so the state can elect which allied offense it will pursue for purposes of sentencing and conviction.

**{¶12}** We reject the state's request due to the many nuances the trial court must remove from Kelley's sentence if the state elects, as it says it will, for Kelley to be sentenced on aggravated vehicular homicide, rather than R.C. 4511.19(A)(1)(a). The

trial court is in a better position than this court to issue the correct journal entry.

{¶13} Kelley's first assignment of error is sustained. We therefore vacate Kelley's sentence and remand for a new sentencing hearing as set forth below.

<u>Resentencing Hearing</u>

{¶14} In *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, the Ohio Supreme Court explained the proper procedure a trial court should follow when conducting a resentencing hearing after an appellate court finds an error involving allied offenses of similar import. In *Wilson*, the defendant was convicted of kidnapping, felonious assault, and aggravated robbery. On direct appeal to this court, we determined that kidnapping and felonious assault, as well as kidnapping and aggravated robbery, were allied offenses of similar import, and that Wilson did not have a separate animus for the kidnapping (but we held that felonious assault and aggravated robbery were not allied offenses and not subject to merger). *State v. Wilson*, 8th Dist. No. 91971, 2010-Ohio-1196, ¶ 92, 96, 97. We vacated the sentence imposed for all three of Wilson's convictions and remanded for a new sentencing hearing for the state to elect which allied offense it would pursue for purposes of sentencing. *Id*. at ¶ 98. The state appealed to the Ohio Supreme Court, arguing that Wilson was not entitled to a new sentencing hearing and that the remand should be limited to the state's election of which offense it wished to pursue. *Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 7.

{¶15} The Ohio Supreme Court affirmed our decision, holding that "[w]hen a

cause is remanded to a trial court to correct an allied-offenses sentencing error, the trial court must hold a new sentencing hearing for the offenses that remain after the state selects which allied offense or offenses to pursue." *Id.*, paragraph one of the syllabus.

{¶16} The Ohio Supreme Court distinguished *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, where it had held that "only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review." *Wilson*, citing *Saxon* at paragraph three of the syllabus. The high court explained:

> In *Saxon*, the trial court exceeded the maximum sentence allowed by statute for one offense but not another offense, and the appellant took issue with only the former on appeal. The appellate court vacated both sentences and remanded the matter to the trial court for resentencing. *Id.* at ¶ 3. This court reversed, holding that a reviewing court can vacate only the sentence from which an appellant appealed and cannot vacate "the entire multiple-offense sentence based upon an appealed error in the sentence for a single offense." *Saxon* at paragraph three of the syllabus. Our *Saxon* holding does not affect the outcome of the present case. The issue in *Saxon* was "whether an appellate court may modify or vacate the entire multiple-offense sentence when a defendant assigns as error the sentence as to only one or more of those offenses but not the entire multiple-offense sentence." *Id.* at ¶ 1. The same issue could not be raised here, because the appealed sentencing error affects Wilson's sentences for all three offenses.
>
> The sentences imposed for Wilson's kidnapping, felonious-assault, and aggravated-robbery convictions must be remanded so that the state can select which offenses it wants to pursue for sentencing: the counts of felonious assault and aggravated robbery, or the count of kidnapping. Pursuant to [*State v. Whitfield*,] 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, the trial court must accept the state's selection, merge the offenses accordingly for the purposes of sentencing, and impose a sentence that is appropriate for the remaining offense or offenses. Given the

foregoing, the appellate court properly vacated all three of Wilson's sentences and remanded the matter to the trial court for a new sentencing hearing.

{¶17} Here, just as in *Wilson*, all of Kelley's convictions are affected because driving while under the influence and aggravated vehicular homicide, as well as driving while under the influence and aggravated vehicular assault, are allied offenses of similar import (although aggravated vehicular homicide and aggravated vehicular assault are not allied offenses and not subject to merger). Thus, we must vacate the sentence imposed for all of Kelley's convictions and remand for a new sentencing hearing. Upon remand, the state must elect which offenses it wishes to pursue for sentencing: the counts of aggravated vehicular homicide and aggravated vehicular assault (which are not allied offenses and not subject to merger), or the count of driving while under the influence of alcohol. The trial court must accept the state's election, merge the offenses accordingly for the purposes of sentencing, and impose a sentence that is appropriate for the remaining offense or offenses.

## Proportionality

{¶18} In her second assignment of error, Kelley argues that the trial court's imposition of a 31-year prison sentence was contrary to law and an abuse of discretion.

{¶19} Kelley was sentenced on September 20, 2011, ten days before H.B. No. 86 went into effect.[1] Kelley does not argue that the trial court should have made the

_____

[1] This court dismissed Kelley's first appeal for lack of a final appealable order because the trial court failed to sentence Kelley fully as required under Count 13. Kelley was resentenced on August 12, 2012, but only on Count 13. Although she was entitled to a H.B. No. 86 hearing in August

findings under R.C. 2929.14(C)(4) as revived by H.B. No. 86, nor does she argue that the trial court erred by sentencing her to consecutive sentences. But Kelley makes a passing argument that H.B. No. 86 should have been retroactively applied to her case. We disagree. The General Assembly expressly provided in Section 4 of H.B. No. 86 that "[t]he amendments * * * apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section[.]" Therefore, the trial court was not required to follow the mandates of that bill when sentencing Kelley because she was not sentenced on or after the effective date of the bill.

{¶20} Thus, we review Kelley's sentence under the two-prong test set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. Under the first prong, we review whether the trial court complied with all applicable rules and statutes to determine if the sentence is clearly and convincingly contrary to law. *Id.* at ¶ 4. If the first prong is satisfied, then we review the trial court's decision for abuse of discretion. *Id.*

{¶21} At the time of Kelley's sentencing hearing, trial courts had "full discretion * * * to sentence defendants within the bounds prescribed by statute." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraphs one through seven of the syllabus. Further, under *Foster*, although trial courts still had to consider the purposes and principles of sentencing under R.C. 2929.11, as well as the seriousness and

---

2012, that did not affect the other aspects of her September 20, 2011 sentence. Kelley does not argue that the trial court did not follow H.B. No. 86 when sentencing her on Count 13.

recidivism factors listed in R.C. 2929.12, they did not have to make any findings before imposing their sentence. *Kalish* at ¶ 17-18, citing *Foster*.

**{¶22}** Kelley contends that her sentence is contrary to law because "the record does not reflect that the trial court sufficiently considered proportionality and consistency in fashioning the 31-year prison sentence." Because her defense counsel did not raise this issue with the trial court, she also claims in her third assignment of error that she received ineffective assistance of counsel.

**{¶23}** R.C. 2929.11(B) provides that: "A sentence imposed for a felony shall be * * * consistent with sentences imposed for similar crimes committed by similar offenders." Although offenses may be similar, there may be distinguishing factors that justify dissimilar sentences. *State v. Beasley*, 8th Dist. No. 82884, 2004-Ohio-988, ¶ 24, citing *State v. Turner*, 8th Dist. No. 81449, 2003-Ohio-4933.

**{¶24}** At the sentencing hearing, defense counsel informed the court that Kelley was 27 years old and the mother of two young children. Defense counsel further informed the court that Kelley had been attending AA meetings since the accident and that she was very remorseful. Kelley apologized to the victims' family members and to the court and expressed her remorse over the crimes. Several family members of the victims also spoke to the court.

**{¶25}** The state explained that just before noon on a Sunday, "on Franklin and West 74th, in a 25-mile-an-hour zone, the defendant was coming from a beverage store after a night of drinking and drugging." The state indicated that Kelley's toxicology

report was positive for cocaine and marijuana, and said that she had a .184 blood alcohol content. Further, the state explained that "[t]he black box data from the car's brain computer indicates a speed of 78 miles an hour one second before impact," and informed the court that Kelley had "[n]umerous license suspensions and no insurance."

{¶26} After hearing from defense counsel, Kelley, several family members of the victims, and the state, the trial court stated:

> After consideration of the record, oral statements made today, the presentence report, the purposes and principles of sentencing, the seriousness and recidivism factors relative to this offense and this offender, and the need for deterrence, incapacitation, rehabilitation and restitution, it is ordered that the defendant serve the following stated terms in prison[.]

{¶27} Kelley cites to two cases that she claims involved similar facts and convictions and establish that her 31-year sentence was not proportionate to similarly situated offenders: *State v. Beard*, 8th Dist. Nos. 84779 and 84780, 2005-Ohio-3417, and *State v. Moore*, 8th Dist. No. 85451, 2005-Ohio-4699. After review, we find that neither of these cases supports Kelley's position.

{¶28} In *Beard*, the defendant was sentenced to 18 years in prison for causing the death of one person and injuring another while he was intoxicated. The defendant's blood-alcohol content was .167, and a glass crack pipe was found inside his vehicle. We affirmed his sentence on appeal. *Id.* at ¶ 38. Kelley is not similarly situated to the defendant in *Beard*. Kelley caused the death of two adults and severely injured three children, with one child being permanently disabled. Accordingly, this case does not support Kelley's arguments.

{¶29} In *Moore*, the defendant received a 20-year prison sentence for causing the death of two people. The defendant in Moore had no prior felony record and had only misdemeanor traffic offenses. This court reversed the defendant's sentence because at the time of the defendant's sentence, which was before the Ohio Supreme Court excised judicial fact-finding in *Foster*, we determined that the trial court failed to make the necessary findings before imposing consecutive sentences. *Id.* at ¶ 13. We further determined that the defendant's sentence was contrary to law because it was inconsistent with similarly situated offenders, relying on several cases the defendant cited to where similarly situated defendants received a shorter sentence. *Id.* at ¶ 15. Upon remand, we affirmed the trial court's imposition of a 16-year sentence. *See State v. Moore*, 8th Dist. No. 89779, 2008-Ohio-2365.

{¶30} We disagree that Kelley is similarly situated to the defendant in *Moore*. Again, Kelley not only caused the death of two adults, she severely injured three children, with one permanently disabled.

{¶31} Accordingly, we overrule Kelley's second assignment of error.

Ineffective Assistance of Counsel

{¶32} In her third assignment of error, Kelley maintains that she received ineffective assistance of counsel because her counsel did not raise the issue of proportionality at her sentencing hearing.

{¶33} To demonstrate ineffective assistance of counsel, defendants must satisfy both parts of a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct.

2052, 80 L.Ed.2d 674 (1984). Defendants must first show that their trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment to the United States Constitution. *Id.* Second, defendants must establish that counsel's "deficient performance prejudiced the defense." *Id.* The failure to prove either prong of the *Strickland* test is fatal to a claim of ineffective assistance. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000), citing *Strickland*, *supra*.

{¶34} It is better practice for defense counsel to raise the issue of proportionality — either orally at the sentencing hearing or preferably in a sentencing memorandum, but in this case, Kelley has not shown that she was prejudiced by her counsel's failure to do so. This is because she has not established that her sentence was disproportionate to similarly situated offenders.

{¶35} Accordingly, Kelley's third assignment of error is overruled.

{¶36} Convictions affirmed, sentence vacated, and this case is remanded for a new sentencing hearing. At the sentencing hearing, the state must elect which offense or offenses it will pursue for purposes of sentencing and conviction, and the trial court must impose a sentence that is appropriate for the remaining offense or offenses.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
SEAN C. GALLAGHER, J., CONCUR