[Cite as *State v. Carson*, 2015-Ohio-4183.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102424**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ELLA CARSON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-588651-A

**BEFORE:** Stewart, P.J., Boyle, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 8, 2015

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Gregory Paul
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

MELODY J. STEWART, P.J.:

**{¶1}** The court ordered defendant-appellant Ella Carson to serve maximum eight-year sentences on two counts of aggravated vehicular assault and then ordered her to serve those sentences consecutively (there were other counts for felonious assault and driving while intoxicated, but they are not implicated in this appeal). Conceding that the court meticulously adhered to R.C. 2929.14(C)(4) when ordering consecutive service, Carson's sole argument on appeal is that the record does not support consecutive service.

**{¶2}** R.C. 2953.08(G)(2) makes it clear that if the court has properly made the required findings in order to impose consecutive sentences, we must affirm those sentences unless we "clearly and convincingly" find "[t]hat the record does not support the court's findings[.]" In *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453 (8th Dist.), we noted:

> It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review.

*Id.* at ¶ 20.

**{¶3}** Carson challenges a single R.C. 2929.14(C)(4) finding that the court made before ordering consecutive service: that consecutive sentences were not disproportionate to her conduct and to the danger she poses to the public.

**{¶4}** There is no dispute about the events underlying the counts of aggravated vehicular assault: an intoxicated Carson drove her vehicle left of center into a group riding motorcycles, striking three of them. One suffered a crushed foot and another had her leg severed (the third rider was not seriously harmed). Carson did not stop her vehicle after striking the riders, so some of the members of the group followed her. One of the riders alighted from her motorcycle and had to stand in the road so as to physically block Carson. Carson stopped her vehicle, exited, and ran though an apartment complex in an attempt to avoid apprehension. After being apprehended, she refused to take a breath test.

**{¶5}** We cannot clearly and convincingly find that the record does not support the court's finding that consecutive sentences were not disproportionate to Carson's conduct. Driving while intoxicated is an innately serious offense because of the potential harm that can result when a driver loses control of a vehicle. This case went beyond mere potential harm — Carson's actions left two victims with permanent, life-altering injuries. The harm Carson caused was not only manifest from the type of injuries sustained, but by statements two victims gave to the court describing how their lives had been irreparably changed as a result of Carson's conduct. In addition to the injuries Carson caused, her behavior after striking the bikers was particularly callous — she not only refused to stop and take responsibility for her actions, she actively avoided apprehension.

**{¶6}** Carson argues that this case is similar to *State v. Moore*, 8th Dist. Cuyahoga No. 85451, 2005-Ohio-4699, where we reversed consecutive sentences for vehicular homicide. Our decision in *Moore* was not premised on the record failing to justify the court's findings in support of consecutive sentences, but rather on the court not making those findings in the first instance. We stated:

> Accordingly, we find that the trial court did not adequately satisfy the R.C. 2929.14(E)(4) [now R.C. 2929.14(C)(4)] requirements on the record. Specifically, the court did not address how the sentences related to the fact that at least two of the multiple offenses were committed as part of one or more course of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that a single prison term does not adequately reflect the seriousness of the offender's conduct.

*Id*. at ¶ 13.

**{¶7}** *Moore* did offer an alternative holding that the consecutive sentences ordered in that case were "inconsistent with sentences of similar defendants in similar cases." *Id.* at ¶ 15. Not only was this statement obvious dicta in light of the court's prior determination that the required findings had not been made, it arguably conflated the consistency requirement of R.C. 2929.11(B) (a felony sentence shall be "consistent with sentences imposed for similar crimes committed by similar offenders") with the disproportionality requirement of former R.C. 2929.14(E)(4) [now R.C. 2929.14(C)(4)] (requiring sentencing judge to find that consecutive sentences "are not disproportionate to the seriousness of the offender's conduct"). *See, e.g.*, *State v. Moore*, 2014-Ohio-5135, 24 N.E.3d 1197, ¶ 20, 24 (8th Dist.); *State v. Dennison*, 10th Dist. Franklin No. 14AP-486, 2015-Ohio-1135, ¶ 20. We have previously noted that appellate decisions show that the courts have routinely conflated the distinct concepts of consistency and proportionality. *Moore,* 2014-Ohio-5135 at ¶ 20. So apart from being dicta, this court's statements in the 2005 *Moore* aggravated vehicular homicide case were inaccurate and are unpersuasive authority for the proposition advanced by Carson. We cannot clearly and convincingly find that the record does not support the court's conclusion that consecutive sentences were not disproportionate to Carson's conduct and the harm she caused.

**{¶8}** We likewise have no basis for clearly and convincingly finding that the record does not support the court's finding that consecutive sentences were required to protect the public from the danger that Carson poses. Carson has an extensive criminal history, heavy on offenses relating to alcohol: driving while under the influence, public intoxication, open container violations, and disorderly conduct. In addition to offenses relating to alcohol, Carson had prior court cases charging her with possession of a weapon, felonious assault, drug possession, burglary, and prostitution. Finally, Carson acknowledged that at the time she committed the offenses in this case, she was driving while under a license suspension, an indication that she had no regard for past criminal sanctions. At sentencing, the court noted that Carson showed remorse for her actions, but that remorse went only so far in light of her criminal history and the chances she had been given in other cases "to be on community control and correct [her] behavior." Tr. 57. In fact, Carson claimed at sentencing to have been so intoxicated at the time she committed her offenses that she did not even know that she struck three different motorcyclists. That assertion was difficult to sustain given that she actively avoided apprehension by the other riders and the police.

**{¶9}** Judgment affirmed.

It is ordered that appellee recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


_____
MELODY J. STEWART, PRESIDING JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR