[Cite as *State v. Griffin*, 2016-Ohio-2719.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 102929

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PIERRE GRIFFIN

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED IN PART, REVERSED IN PART,
### AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-584547-A

**BEFORE:** E.T. Gallagher, P.J., S. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** April 28, 2016

**ATTORNEY FOR APPELLANT**

Patricia J. Smith
9088 Superior Avenue, #105
Streetsboro, Ohio 44241


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Aqueelah Jordan
        Margaret A. Troia
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Pierre Griffin ("Griffin"), appeals from his sentence following a guilty plea. He raises one assignment of error for our review:

> 1. The trial court erred by sentencing the appellant to serve maximum consecutive sentences without submitting adequate reasons in support pursuant to R.C. 2929.14(C)(4).

{¶2} After careful review of the record and relevant case law, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

## I. Procedural History

{¶3} In April 2014, Griffin was named in a seven-count indictment charging him with gross sexual imposition in violation of R.C. 2907.05(A)(1), with a sexually violent predator specification; kidnapping in violation of R.C. 2905.01(A)(4), with a sexual motivation specification and a sexually violent predator specification; attempted rape in violation of R.C. 2907.02(A)(1)(b) and R.C. 2923.02, with a sexually violent predator specification; kidnapping in violation of R.C. 2905.01(A)(4), with a sexual motivation specification and a sexually violent predator specification; attempted rape in violation of R.C. 2907.02(A)(1)(b) and R.C. 2923.02; kidnapping in violation of R.C. 2905.01(A)(4), with a sexual motivation specification and a sexually violent predator specification; and gross sexual imposition in violation of R.C. 2907.05(A)(1), with a sexually violent predator specification.

{¶4} In December 2014, Griffin pleaded guilty to an amended Count 1, gross sexual imposition, with the sexually violent predator specification deleted; amended

Count 3, child endangering in violation of R.C. 2919.22(A); and amended Count 7, attempted gross sexual imposition, with the sexually violent predator specification deleted. The remaining counts were nolled.

{¶5} At sentencing, the trial court ordered Griffin to serve a term of 18 months in prison on Count 1, a term of 18 months in prison on Count 7, and a term of six months in jail on Count 3. The court ordered each count to run consecutively to each other for an aggregate sentence of 42 months.

{¶6} Griffin now appeals from his sentence.

## II. Law and Analysis

{¶7} In his sole assignment of error, Griffin argues the trial court erred in imposing consecutive sentences without submitting adequate reasons in support of its findings under R.C. 2929.14(C)(4).

## A. R.C. 2929.41

{¶8} Initially, we find the trial court did not have the authority to run Griffin's misdemeanor jail term consecutive to his felony prison terms.

{¶9} R.C. 2929.41 states:

(A) Except as provided in division (B) of this section, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

(B)(1) A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the

trial court specifies that it is to be served consecutively or when it is imposed for a misdemeanor violation of section 2907.322, 2921.34, or 2923.131 of the Revised Code.

\* \* \*

(B)(3) A jail term or sentence of imprisonment imposed for a misdemeanor violation of section 4510.11, 4510.14, 4510.16, 4510.21, or 4511.19 of the Revised Code shall be served consecutively to a prison term that is imposed for a felony violation of section 2903.06, 2903.07, 2903.08, or 4511.19 of the Revised Code or a felony violation of section 2903.04 of the Revised Code involving the operation of a motor vehicle by the offender and that is served in a state correctional institution when the trial court specifies that it is to be served consecutively.

{¶10} In *State v. Polus*, Slip Opinion No. 2016-Ohio-655, the Ohio Supreme Court recently reviewed whether R.C. 2929.41 is ambiguous because "provision (B)(1) vests the trial court with authority to impose consecutive sentences" while the language in R.C. 2929.41(A) "would appear to prohibit consecutive sentences for a felony and misdemeanor unless provision (B)(3) applies." *Id*. at ¶ 9. The court determined that R.C. 2929.41 is not ambiguous, stating:

> The first sentence of R.C. 2929.41(A) enacts the general rule requiring concurrent sentencing with only clearly delineated exceptions, including the provisions in R.C. 2929.41(B) and other statutes not applicable to this matter. The second sentence of R.C. 2929.41(A) creates a more specific rule that speaks directly to the certified question in this matter: subject only to the exceptions stated in R.C. 2929.41(B)(3), a trial court must impose concurrent sentences for felony and misdemeanor convictions.

{¶11} Thus, the court held that a trial court may not "impose consecutive sentences for *any* set of felony and misdemeanor convictions under R.C. 2929.41(B)(1) because R.C. 2929.41(B)(3) more narrowly circumscribes the authority of the trial courts." (Emphasis added.) *Id*. at ¶ 12. The court explained:

> To do so would be to write subsection (B)(3) out of the Revised Code. Instead, we hold that R.C. 2929.41(B)(1) merely "requires a sentencing court to impose sentences

for misdemeanor violations of R.C. 2907.322 (pandering sexually oriented matter involving a minor), 2921.34 (escape), or 2923.131 (possession of deadly weapon while under detention) 'consecutively to any other prison term, jail term, or sentence of imprisonment.'" *State v. Johnson*, 116 Ohio St.3d 541, 2008-Ohio-69, 880 N.E.2d 896, ¶ 14, quoting R.C. 2929.41(B)(1). The reference in R.C. 2929.41(B)(1) to a trial court's authority to "specif[y]" consecutive sentences refers only to the authority delineated in R.C. 2929.41(B)(3).

{¶12} In this case, Griffin's crimes are not among the offenses listed under R.C. 2929.41(B)(1) or R.C. 2929.41(B)(3). Thus, the trial court did not have the authority to run Griffin's misdemeanor child endangering jail term consecutively to the prison terms imposed on his felony gross sexual imposition and attempted gross sexual imposition convictions.

{¶13} Accordingly, we remand for the trial court to modify Griffin's sentence by running his misdemeanor jail term concurrently with his felony prison terms. *See* R.C. 2953.08(G)(2).

## B.   R.C. 2929.14(C)(4)

{¶14} With respect to Griffin's felony convictions, there is a presumption in Ohio that prison sentences should be served concurrently, unless the trial court makes the findings outlined in R.C. 2929.14(C)(4) to justify the imposition of consecutive sentences.

{¶15} R.C. 2929.14(C)(4) requires trial courts to engage in a three-step analysis when imposing consecutive sentences. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." Next, the trial court must find that "consecutive sentences are not disproportionate to the

seriousness of the offender's conduct and to the danger the offender poses to the public."

Finally, the trial court must find that at least one of the following applies (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(C)(4)(a)-(c).

{¶16} In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29, the Ohio Supreme Court held:

> [A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.

*Id*. at ¶ 37.

{¶17} R.C. 2953.08(G)(2) makes it clear that if the court has properly made the required findings in order to impose consecutive sentences, we must affirm those sentences unless we "clearly and convincingly" find "[t]hat the record does not support the court's findings[.]" *Id*.; *State v. Carson*, 8th Dist. Cuyahoga No. 102424,

2015-Ohio-4183, ¶ 2. In *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453 (8th Dist.),

we noted:

> It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge.

*Id*. at ¶ 20. The review of a claim that the record does not support the trial court's

findings under R.C. 2929.14(C)(4) is "'extremely deferential.'" *State v. Balbi*, 8th Dist.

Cuyahoga No. 102321, 2015-Ohio-4075, ¶ 5, quoting *Venes* at ¶ 21.

{¶18} In this case, the trial court stated the following when ordering Griffin's

sentences to be served consecutively:

> I've considered the seriousness and recidivism factors. This case involved three victims, three child victims; one age 12, one age 13, and one age 11, who the defendant took advantage of sexually. The Court does not find Mr. Griffin's crime such that it would be deserving of community control sanctions.

> I'm going to impose consecutive sentences upon Mr. Griffin here. I find consecutive sentences are necessary to protect the public and punish this offender, and they're not disproportionate to similarly situated offenders. I find the harm so great or unusual that a single term of incarceration would not adequately reflect the seriousness of the conduct here.

> The presentence investigation indicates that victim one, age 12, date of birth 12/25/2000, reported that the defendant, Pierre Griffin, that's her cousin's boyfriend, she stated that on January 26th, 2014, while at her residence *** the defendant asked her to show him where her room was. As they went into her room, he came up behind her, kissed her on the ear and touched her derriere.

The victim stated that she then turned around and pushed him off her and told him not to do that. As she tried to get away, the defendant would not leave her room. She stated that as he pushed her, she kicked him and she fell on the floor. He then held her down, kissed her and touched her body as she tried to get up and tell him to get off her. When the defendant heard someone coming up the stairs he let her up and told her not to tell anyone.

Victim two, age 13, date of birth 11/27/2000, reported that in September of 2012, she visited her aunt at [ ]Avenue. While in the attic of the residence with the defendant, he grabbed her and tried to pull down her pants. She pulled them back up. He tried to get on top of her while on the bed and she began to move around and try to kick him. Victim three, age 11, date of birth 4/13/2002, then came upstairs. He got off her and she ran downstairs.

She stated that before she ran downstairs the defendant pulled his pants down and pushed victim three on the bed while she yelled and screamed. She observed that victim three's pants were down to her thighs while her underwear was still on. As victim one's cousin came upstairs he got off her and told her to pull her pants up. When she came into the room he acted as if nothing had happened.

Victim three further reported that on 1/16/2013 as they passed each other on the stairs he reached over and touched her butt and tried to kiss her.

When the defendant was questioned about what happened to victim one, he stated on the date of the incident he asked her for a tour of her new residence and then they played hide and seek. When questioned about the two other victims he stated that they made their stories up after speaking to victim one. I think the presentence investigation facts speak for themselves.

The harm was so great or unusual that a single fourth degree felony term would not adequately reflect the seriousness of this defendant's conduct. He does have a prior municipal criminal court history and he does have a theft arrest from 2008, juvenile court. That case was, however, dismissed.

**{¶19}** On appeal, Griffin does not dispute the fact that the trial court made the necessary findings under R.C. 2929.14(C) by using "talismanic words." Instead, Griffin argues the record does not support the trial court's finding under R.C. 2929.14(C)(4)(b) that "[t]he harm was so great or unusual that a single fourth[-]degree felony term would

not adequately reflect the seriousness of this defendant's conduct." In support of his position, Griffin contends (1) that the trial court "failed to provide a sufficient record of the reasoning" supporting its finding under R.C. 2929.14(C)(4)(b), and (2) that "the facts of this case are no more or less [great or unusual] than the facts of any other gross sexual imposition charge."

{¶20} Despite Griffin's contention to the contrary, a trial court is not required to state reasons supporting its findings, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 37.

{¶21} Moreover, after careful review, we cannot clearly and convincingly find that the record does not support the trial court's "great or unusual" harm finding under R.C. 2929.14(C)(4)(b). In this case, Griffin engaged in a course of conduct during which he manipulated his relationship with family members of the three minor victims in order to isolate the victims in their family members' home, where he touched them in a sexually inappropriate manner. Although the trial court was not required to provide factual reasons to support its findings, the record demonstrates that the trial court emphasized the gravity of Griffin's conduct and carefully weighed statements made by family members of the minor victims, the harm caused to the victims, and the turmoil caused to their families.

**{¶22}** Given these factors and the nature of the offenses involved, we find the record supports the trial court's "great or unusual" harm finding and its conclusion that consecutive sentences were appropriate.

**{¶23}** Under *Bonnell*, however, the trial court was required to incorporate its consecutive sentence findings into its sentencing entry. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at syllabus. Our review of the record demonstrates that the trial court's sentencing entry does not include the consecutive sentence findings. The trial court's omission is a clerical mistake and may be corrected through a nunc pro tunc entry. *Bonnell* at ¶ 30.

**{¶24}** Griffin's sole assignment of error is overruled in part, and sustained in part.

**{¶25}** Judgment is affirmed in part, and reversed in part. We remand for the trial court to modify Griffin's sentence by running the jail time imposed on his misdemeanor offense concurrent to the prison terms imposed on his felony offenses. In addition, we remand for the limited purpose of incorporating, nunc pro tunc, the consecutive sentence findings made at sentencing into the court's entry.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE OPINION

SEAN C. GALLAGHER, J., CONCURRING IN PART AND DISSENTING IN PART:

{¶26} I respectfully concur in part and dissent in part. I agree there is no merit to the arguments raised against the consecutive service of Griffin's two prison terms; however, I disagree with the majority's conclusion to reverse the misdemeanor sentence. Griffin did not challenge his misdemeanor sentence. His sole assignment of error was based on a challenge to the consecutive service of his prison terms, imposed pursuant to R.C. 2929.14(C)(4). The state was not afforded the opportunity to address the validity of the misdemeanor sentence. *State v. Tate*, 140 Ohio St.3d 4442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 21.

{¶27} More importantly, the trial court did not impose the jail sentence on the misdemeanor count to be served consecutive to the two prison terms. It was the other way around. The trial court specifically imposed the two prison terms on the felony to be served consecutive to the jail term. R.C. 2929.41(B) is, therefore, inapplicable. Subdivision (B) only applies to imposing a jail term to be served consecutive to another prison or jail term or sentence of imprisonment. Whether the trial court is authorized to

impose the two prison terms to be served consecutive to the jail term pursuant to the exceptions of R.C. 2929.41(A) is another matter altogether, although that issue is outside the scope of review based on Griffin's limited argument.

{¶28} For the foregoing reasons, I would affirm.